PATTERSON *against* LEAVITT.

On a submission of matters in controversey to three arbitrators to hear the parties, and make their award in the premises, two of the arbitrators, without the concurrence of the other, cannot make a valid award.

An authority, given, for a private purpose, to a number of individuals, is joint, and must be strictly pursued ; but a power of a public nature may be considered as joint or several, and a majority may perform the act delegated.

A submission to arbitration is a delegation of power for a mere private purpose.

This was an action on a promissory note. The parties had entered into a written submission, referring sundry matters of controversy between them to the arbitrament and final award of *John Trowbridge, Ralph R. Hinman* and *Nathaniel Perry* jun., Esqrs. ; providing in such submission, that the arbitrators should hear the parties, and make their award in the premises ; which, they agreed, should be binding on them. The note on which this action was brought, was made by the defendant, and delivered into the hands of the arbitrators as an escrow, to be by them endorsed down to such sum as they might award against the defendant. The arbitrators met, in pursuance of the submission, on the 10th of *February*, 1819, and heard the parties on the subjects submitted to them ; and after such hearing, two of the arbitrators, *viz. Hinman* and *Perry*, made their written award against the defendant, and in pursuance thereof, endorsed down his note so as to leave due on it the sum of 350 dollars ; but the other arbitrator, *viz. Trowbridge*, expressly, dissented to the award, and entered his

dissent in writing on the back of the submission.   Upon these
facts, the plaintiff claimed, that he was entitled to recover the
sum apparently due on the note : The defendant insisted, that
no recovery could be had.   The case, by agreement of par-
ties, was reserved for the advice of all the Judges.

*New-Haven,*
July,
1821.

Patterson
*v.*
Leavitt.

*Strong*, for the plaintiff, contended, that the award stated
in this case, was binding.   Though the arbitrators act under a
private authority, derived from the parties, they are constitu-
ted to do an act *judicial* in its nature : They are a *judicial* tri-
bunal.   It is the nature of the power, rather than the source
whence it is derived, which ought to determine the point in
controversy.   In *Withnell* v. *Gartham*, 6 *Term Rep.* 388. a
power to appoint a schoolmaster, derived from a private indi-
vidual, was given to the vicar and church-wardens of the pa-
rish of *Skipton ;* and it was held, that under this power an ap-
pointment might be made by the vicar and a majority, without
the concurrence of all, of the church-wardens.   The powers
of the directors of a bank, or of an insurance company, are
strictly of a private nature, being derived from the stockhold-
ers ; yet a majority may do any act, which all could do.   The
power to be exercised by arbitrators, when they are appoint-
ed by the parties, is the same as that which they possess,
when they act under a rule of court ; yet, in the latter case,
an award by the majority would, unquestionably, be good.
So, an award made by a majority of referees, or of auditors, is
good.   A majority of select-men are competent to act.   *Law-
rence*, J. remarks, in the case of *Withnell* v. *Gartham*, above
cited, (6 *Term Rep.* 398.) " In general, it would be the under-
standing of a plain man, that where a body of persons is to do
an act, a majority of that body will bind the rest."   In *The
King* v. *Beeston*, 3 *Term Rep.* 595. Lord *Kenyon* says, " In
common understanding, what is required to be done by the
church-wardens and overseers, is satisfied by being done by
a majority."

But, whatever may be the *English* law, it is settled in this
state, by universal and immemorial usage, and by judicial de-
cisions, that an award by two of three arbitrators is valid ; and
there has been no decision to the contrary.   2 *Swift's Syst.* 8.
*Miner* v. *Bacon*, superior court, *Litchfield* county, 1792.   Ar-
bitrators have been held, in this state, to be a judicial tribu-
nal.   *Lyman* v. *Wetmore*, 2 *Conn. Rep.* 42. n.   And as such,

*Patterson
v.
Leavitt.*

they have the power of awarding costs. *Alling* v. *Munson,* 2 *Conn. Rep.* 691.

In a case like this, arguments *ab inconvenienti* ought to have great weight; and these are all on the side of establishing the award in question.

*N. Smith* and *Ingersoll,* contra, insisted, that where a submission to arbitrators is made by the parties, *all* the arbitrators must concur in the award, unless there is a clause in the submission authorising a less number to make the award. The appointment is considered as the delegation of a private trust; and the authority given must be strictly pursued. This is like a power given by will to three, to sell—or a power of attorney executed to three, to do a particular act,—where all must concur. *Berry* v. *Perring, Cro. Jac.* 400. *Kyd on Awards,* 106. *Green* v. *Miller,* 6 *Johns. Rep.* 39. *Towne* v. *Jaquith,* 6 *Mass. Rep.* 46. *Reeves* v. *Goff,* 1 *Penn. Rep.* 143. Arbitrators appointed by the parties, are a different tribunal from referees and auditors, and arbitrators appointed by rule of court. The latter are regarded as branches of the court; and derive their authority from the statute. They are created by law, for public purposes; not by the parties, for private purposes. This distinction is recognized in *Grindley & al.* v. *Barker & al.* 1 *Bos. & Pull.* 229. as well as in the cases above cited.

The point in controversy is one arising at common law; and has never been decided by this court. On what ground are questions arising at common law to be decided, if not by the common law as settled in *England,* and in the neighbouring states?

No *inconvenience* can result from the rule of the common law; for the parties to the submission may insert in it such provision in relation to this subject, as they think proper.

HOSMER, Ch. J. The sole question in this case, is, whether an award made by two only of three arbitrators, no such power having been expressly given, and the other having dissented, is legally valid.

The principles applicable to this case are indisputably settled; and the only enquiry relates to their application. It is said, by Lord *Coke,* (Co. Litt. 181. *b.*) that there is a diversity between authorities, created by the *party,* for *private causes,* and an authority created *by law,* for the *administration of jus-*

*tice* ; as if a man devise, that his two executors shall sell, or a charter of feoffment be made to deliver seisin, they must concur. But, if the sheriff, on a *capias* directed to him, make a warrant to four or three, jointly or severally, to arrest, two may make the arrest, because it is for *the execution of justice*, which is *pro bono publico*, and therefore, shall be more favourably expounded.

It is established beyond a question, that an authority given, for a private purpose, to a number of individuals, is joint, and must be strictly pursued. 3 *Vin. Abr.* 421. *Pow. Dev.* 294. *Guppy* & al. v. *Crown*, 4 *Dall.* 410.

On the other hand, if a power be of a public nature, the majority may perform the act delegated ; the power being considered as joint or several. *Grindley* & al. v. *Barker* & al. 1 *Bos. & Pull.* 229. *The King* v. *Beeston*, 3 *Term Rep.* 592. *Withnell* v. *Gartham*, 6 *Term Rep.* 388.

A submission to arbitration in *Westmister Hall*, as well as in the adjoining states of *New-York* and *Massachusetts*, has been uniformly considered to be a delegation of power for *a mere private purpose ;* and all the arbitrators must concur, unless it is otherwise provided by the parties. *Sallows v. Girling, Cro. Jac.* 277. *Berry* v. *Penring, Cro. Jac.* 399. *Dalling* v. *Matchett, Willes* 215. S. C. *Barnes' Notes* 57. *Kyd on Awards* 106. *Green* v. *Miller*, 6 *Johns. Rep.* 39. *Towne* v. *Jaquith*, 6 *Mass. Rep.* 46.

The correctness of these decisions is evinced, by the common practice of authorizing a number of the arbitrators, less than the whole, to make a valid award, if the parties elect to confer this authority. Nor do I know, that any determination has ever been made, establishing an award made by a part of the arbitrators, unless the power was specifically given.

It has been contended, that the law in *Conneclicut* has been otherwise established ; but of this no evidence appears, except the *dictum* in the second volume of *Swift's System*, (*p. 8.*) for which no authority is cited ; and to which, in opposition as it is to all the cases, I cannot defer. I think it not improbable that from a supposed analogy to the awards of referees and auditors, who derive their power to administer justice, by the *act of law*, the awards of arbitrators have often been considered, not only by the courts, but by individuals, as resting on the same ground. A mistake so obvious, had this consideration, and the practice in consequence of it, been more general than they have been, could only warrant a prompt correction of the error, and not a confirmation of it.

The construction which I have adopted, can result in no possible inconvenience. It assumes the principle, that a general delegation of authority for *a private purpose*, is *intended* to be strictly expounded ; and that such is a submission to arbitration. But the parties submitting may confer a special authority, authorizing a valid determination, by any number of the arbitrators.

I would advise that judgment be rendered for the defendant.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

Judgment to be rendered for the defendant.