## EAMES *v*. EAMES.

Either party is entitled, if he insist upon it, to have a witness state fully upon the stand all the details of his testimony, and the court cannot properly limit the direct examination of a witness to the single inquiry whether or not he has heard the testimony of a preceding witness, and concurs therein.

A state of relations between parties, once proved to exist, is presumed to continue, until some change is shown to have occurred.

The mere making out of an account, several months after the date of the alleged indebtedness, has no tendency to show its correctness.

When a submission, by parol or in writing, is made by private parties to a given number of persons, without any express authority given or to be inferred from the manner or circumstances of the submission, that a smaller number may decide, an award or decision will be void, unless made by all of them.

ASSUMPSIT, by Rodney Eames against Robert Eames, upon a promissory note, and an account annexed for two weeks' board.

One Dana testified for the defendant concerning a certain transaction which occurred in the presence of himself and one Eaton and others, and Eaton, having been present and heard Dana's testimony, was then called by the defendant as a witness to the same transaction, and the court directed Eaton to be asked whether he was present at the time of the transaction concerning which Dana had just testified; and, upon his answering in the affirmative, the court directed the general question to be put, whether he agreed with or differed from the testimony of Dana, and he replied that he wholly agreed with him; whereupon the court directed that no more questions be put on the direct examination, and gave the plaintiff full privilege of cross-examination. The plaintiff objected to said general question, on the ground that Eaton could only be inquired of as to what was said and done at the time of the transaction.

The defendant pleaded and proved a submission by him and the plaintiff of all demands to the decision of three referees, Dana, Eaton and Stevens, and an award signed by them. All the referees testified that said note was submitted to them. Dana and Eaton testified that all the referees disallowed said note. Stevens testified that he did not consent to disallow it, but that he understood that it was not passed upon by them, but that it was given up to the plaintiff for the parties to settle themselves, and was not included in the award. The court instructed the jury that if all the referees attended the hearing, and together considered the matters submitted to them, the decision of two would be valid and binding upon the parties. To this instruction the plaintiff excepted, on the ground that it was calculated to mislead the jury in this case, although it was correct as a general principle.

There was no evidence of an express promise of the defendant to pay for the two weeks' board. The defendant introduced evidence tending to show that the plaintiff was a son of the defendant; that a brother of the plaintiff bought a farm, and allowed the plaintiff to live upon it without paying rent, under a parol agreement that the plaintiff was to support the defendant during his life, and to have the farm at the defendant's death; and that the plaintiff and defendant lived together on the farm for about a year before said two weeks, and that the plaintiff claimed nothing for board during that time. To the ruling of the court admitting this evidence the plaintiff excepted. The evidence was conflicting upon the question whether the defendant boarded with the plaintiff during said two weeks with the same understanding under which he had lived with him before said two weeks, or whether the parties, under the circumstances, must have understood that the defendant was to pay for said two weeks' board.

The plaintiff testified that he charged the defendant with said two weeks' board by making out an account to be

annexed to the writ when this suit was commenced, several months after said two weeks. The court instructed the jury that the plaintiff did not acquire a right to recover for the board by merely thus charging it to the defendant, but that if the circumstances were such that the parties must have understood during said two weeks that the defendant was not to pay for his board, then the plaintiff could not recover for it.

The plaintiff moved to set aside the verdict which was returned against him.

*Smith,* for the plaintiff.

*Bartlett,* and *Pike & Barnard,* for the defendant.

FOWLER, J. The first question presented by the case relates to the propriety of the course of examination of the witness, Eaton, directed by the court below. Were no objection taken to it by either party, it is obvious there might be a great saving of time by examining witnesses in the mode pursued in the direct examination of Eaton. But the credit of a witness before the jury, and the greater or less confidence he secures with them, often depend very much on the manner in which he relates the details of the transactions about which he testifies, the intelligence with which he groups the various circumstances surrounding them, the general capacity and information he exhibits in relation to the subject matter of his testimony, and the accuracy with which he is able to remember and state minute and apparently trivial and unimportant incidents connected therewith. So, too, the success of the cross-examination of a stranger witness must often depend almost entirely upon the acquaintance with his character, habits of thought, and mental and moral propensities, acquired from critically observing their manifestations and developments during the period of his direct examination. We are therefore of

opinion, that, if either party insists upon it, he is entitled to have the witness state fully all the details of his testimony upon the stand, and that an undue advantage might often be gained by one party, and serious inconvenience be frequently suffered by the other, to the prejudice of the cause of justice, if, against their objection, the witness were only permitted to be asked, on his direct examination, whether he had heard the testimony of a previous witness, and concurred or disagreed therewith.

The relations of the parties to each other, and the terms on which they had lived together for the year immediately preceding the two weeks for which the board of the defendant was in controversy, were properly permitted to be proved, as tending to show what were probably the terms on which they had lived together during those two weeks; on the well established rule of law, that a state of relations between parties once proved to exist, is presumed to continue, until some change is shown to have occurred. 1 Gr. Ev., sec. 41.

That any right to recover the amount of an account, made out by the plaintiff against the defendant several months after the date of the alleged indebtedness, could arise from the mere circumstance of making out the account, seems quite absurd. The entries upon one's books of account, made in the regular course of business, are received in evidence, accompanied by his supplementary oath that they were made at or about the time they purport to have been made, as tending to show what was his understanding of the subject matter of those entries at the date of the transactions to which they relate; on the presumption that men are naturally truthful, and ordinarily write down facts at the time of their occurrence as they are then actually and honestly understood to be. No such presumption could exist in relation to entries made several months after the occurrence of the transactions to which they relate, for the very purpose of instituting litigation in

respect to the subject matter of those entries. The instructions upon this point were, therefore, correct.

It is well settled that where a submission by parol or in writing is made by private parties to a given number of persons, without any express authority, given or to be inferred from the manner or circumstances of the submission, that a smaller number may decide, an award or decision will be void unless made by all; though a different rule prevails where authority is confided to several persons in matters of public concern. *Berry* v. *Penning,* Cro. Jac. 400; *Sallows* v. *Girling,* Cro. Jac. 277; *Dalling* v. *Matchett,* Willes 215. See also the same case in 2 Barnes' Notes 57, where it is laid down that unless it be expressly provided in the submission that a less number than all the arbitrators named may make the award or decision, the concurrence of all is necessary; and, where such a provision is made, all must be present, unless those who do not attend have proper and sufficient notice and are willfully absent. *Green* v. *Miller,* 6 Johns. 39; *Crofoot* v. *Allen,* 2 Wend. 494; *Franklin* v. *Osgood,* 14 Johns. 560; *Sinclair* v. *Jackson,* 8 Cow. 544; *Ex parte Rogers,* 7 Cow. 527, and note; *Towne* v. *Jaquith,* 6 Mass. 46; *Reeves* v. *Goffe,* 1 Pen. (N. J.), 143; *Patterson* v. *Leavitt,* 4 Conn. 50; Cald. on Arb. 203, and notes.

In the case before us there is nothing to show any express or implied authority to a less number than the whole of the referees to make a decision, but all the referees attended, considered the matters submitted to them, and united in making the award. All the referees agreed in testifying that the note in suit was laid before them, and the only question that could have arisen must have been whether or not they all acted upon it, and understandingly and intentionally made a decision in relation to it. Two of the arbitrators testified that all the referees concurred in disallowing it, while Stevens testified that he never consented to disallow it; that he understood it was not passed

upon by them, but was given up to the plaintiff for the parties to settle among themselves, and not included in the award. This evidence distinctly raised the questions, whether the referees disallowed the note in suit, so that the award was a bar to the maintenance of this action, or it was given up to the plaintiff, after having been submitted to the referees, to form a matter of future adjustment between the parties, or whether Stevens did not understand it to have been withdrawn from consideration, and assent to the award only on that ground.

Now, we take it there can be no doubt whatever that after a submission of all demands or of specific demands, and the laying of those demands before referees, it is competent for the parties, by mutual agreement, to withdraw from the consideration of the arbitrators any particular demand, and reserve the same for future adjustment among themselves, or for the referees to lay such demand out of consideration in determining and awarding upon the other matters in controversy; and if a particular demand be thus withdrawn, or laid aside and not considered by the arbitrators, the award will not merge such unconsidered demand in itself, but a suit may afterwards be maintained thereon, as if no submission or award had been made. *Whittemore* v. *Whittemore*, 2 N. H. 26.

It might properly, therefore, have been a question for the jury, upon the evidence reported, whether the note in suit was actually considered and passed upon by the referees, or whether it was withdrawn and laid aside for future adjustment by the parties; or, at least, whether Stevens, one of the referees, did not understand it to have been withdrawn, and assent to and sign the award with that understanding.

Under these circumstances, instead of submitting this question to the jury, the court instructed them that if all the referees attended the hearing, and together considered the matters submitted to them, the decision of two would

be valid and binding upon the parties ; a proposition, in the general terms in which it was stated, clearly erroneous, unless a majority of the referees were authorized by the submission to make an award.

The verdict must be set aside, and a new trial granted.

*Verdict set aside.*