CHRISTOPHER TOWNSEND *v.* JOHN A. HAZARD and others.

A report of commissioners appointed to make partition of an estate, need not necessarily be unanimous to render it valid. It is sufficient if it appears to be the report of a majority of the commissioners. But it is indispensable that they all be present to hear and deliberate, and that the report should show affirmatively that all were present.

The fact that two of three commissioners appointed to make partition, viewed the premises to be divided unaccompanied by the third, and at different times conferred together without notice to him, *held* not to invalidate their proceedings in making partition, when such view and conference were made with no improper motive, and all the commissioners were present at the hearing, and conferred before and when the report was finally agreed upon.

Commissioners appointed to make partition are not entitled to amend their report once made, without leave. *Hence*, where leave was granted to such commissioners to amend, in vacation, without the consent of the parties, and without notice to them, *it was held* to be error on the part of the court to grant such leave, and *held farther*, that a 'judge who had taken no part in previous hearings could not confirm such leave to amend by an order granted in term time, nor enter judgment without hearing the same as long as anything remained open for hearing.

ACTION of partition, brought in the Court of Common Pleas, at its November term, 1867. Judgment was rendered for partition in the court below, and David Buffum, Alfred Smith and Samuel Brown were appointed to make partition of the premises

by metes and bounds. David Buffum declined to serve. The parties, by their respective attorneys, by an agreement in writing, substituted Henry Bull in the place of Buffum, and the clerk, by request of said attorneys, issued a commission to make partition to Bull, Smith and Brown. The commissioners pro ceeded to examine the parties, and their witnesses, and to hear the parties, and finally, to make their report, by a majority, to the court.

Upon the coming in of this report, the counsel for Hazard objected to the report on the ground that Bull was appointed by the parties and not by the court. The court thereupon appointed Bull in the place of Buffum, and recommitted the report.

Upon the coming in of the second report, the defendant Hazard excepted to its admission upon grounds which are fully stated in the report of the argument of counsel and in the opinion of the court.

*F. B. Peckham, Jr., for the defendant, in support of the exceptions:—*

Exception 1. Only two of the three commissioners appointed to make partition in said case signed or assented to the report. When a power to do an act *for a private purpose* is given to a number of persons, it is a joint power, and all must concur in executing it, unless it is otherwise expressly stipulated. The proceedings of corporations are an exception to this rule. *Greene* v. *Miller*, 6 Johns. 39 ; *Towne* v. *Jaquith*, 6 Mass. 46 ; *Sweet* v. *Mathewson*, 1 R. I. 422 ; *Parker et al.* v. *Pawtucket Ins. Co.* 3 R. I. 192 ; *Smith* v. *Walden*, 26 Geo. 249 ; *Hobson* v. *McArthur*, 16 Pet. 193 ; *Jefferson R. R. Co.* v. *Mounts*, 7 Ind. 669. When a power of a *public nature* is given to a number of persons, they must all meet and confer about the execution of it, but the act of the majority is valid. In other words, a majority may execute a public trust. *Grindley* v. *Barker*, 1 B. & P. 229 ; *King* v. *Beeston*, 3 Term. 592 ; *King* v. *Whitaker et al.* 9 B. and C. 648 ; Co. Litt. 181 b. The sole criterion to determine whether such persons may act by majority, or must act unanimously, is whether the nature of the trust, duty, or business conferred on

them is public or private. Comyns Digest, Attorney, C. (11);
Bulstrode 105; Viners Abridg. Authority B. § 37; *Sweet* v.
*Mathewson,* 1 R. I. 422; *Smith* v. Walden, 26 Geo. 249; *Jeffer-
son R. R. Co.* v. *Mounts,* 7 Ind. 669. It is the English Equity
practice for a majority of commissioners to make a valid parti-
tion; but the commission always expressly orders that. And
so might the commissions issued under our statute, if the court
saw fit. Allnut on Partition, pp. 103–116. On the other hand,
it is easy, by the application of this simple and accurate test, to
distinguish those cases in which a majority of the persons au·
thorized may decide. Such are, for example, the acts of in-
spectors of provisions, building materials, leather and the like;
of surveyors or inspectors of roads, ferries and bridges; of com-
missioners to lay out highways, turnpikes, canals and railroads,
or to assess the damages occasioned by the location or opera-
tion of such public works. These are affairs which, unlike a
lawsuit—the partition of a piece of land—interest and affect the
people at large; and to this class belong the following cases:
*Grindley* v. *Barker,* 1 B. & P. 229; *King* v. *Beeston,* 3 Term.
592; *Babcock* v. *Lamb,* 1 Cow. 238; *Ex-parte Rogers,* 7 Cow.
526; *Baltimore Turnpike Co.* 5 Binn. 481; *King* v. *Whitaker, et
al.* 9 B. & C. 648. The legislatures of many states have passed
special statutes to enable auditors, commissioners, referees, etc.,
to decide by majority. Those statutes explain nearly every
case in which the power of the majority is asserted in private
matters. The more prominent of them are *McInroy* v. *Benedict,*
11 Johns. 402, (vide N. Y. Laws of 1813, vol. 2, 516); *Walker*
v. *Melcher,* 14 Mass. 148; *Short* v. *Pratt,* 6 Mass. 496, (vide
Mass. Stat. of 1860, Chap. 147, § 7); *Odiorne* v. *Seavey,* 4 N. H.
53; *Kane* v. *Parker,* 4 Wis. 123.

Exception 2. It appears on the face and from the tenor of
said report that only the two Commissioners who signed it ever
met or conferred in the premises. This is a fatal objection.
Even where by Statute, or by express stipulation, the act of
the majority is valid, the report or award must state that all the
commissioners or referees met and conferred, and must explain
why they did not all sign. *Underhill* v. *Jackson,* 1 Barb. Ch. 73.

It is indispensable that all the commissioners should meet and hear the parties and deliberate ; and this fact should appear on the record. *Short* v. *Pratt*, 6 Mass. 496. The report, when unanimity is not requisite, and there is a dissenting commissioner, ought to be made substantially as in *Walker* v. *Melcher*, 14 Mass. 148.

Exceptions 3 and 4. These exceptions may be considered as one. The report itself, as part of the record, must show that all the commissioners met, conferred, and deliberated together. When the report is defective in that respect, the only proper course is to reject it, or at least to re commit it; and the use of parol evidence to contradict, amend or add to it, or to supply its defects, is erroneous.

Exception 5. This clause as corrected by the Judge, reads as follows : " Said Smith then further testified that all the commissioners met and deliberated—heard the parties and then went by themselves. That they went on the farm in question— the first time together, the last time without Brown. That Brown talked with Bull separately, and with Smith separately. That several days elapsed between the first commissioners' meeting and the last; and meantime Smith met and conferred with Bull on several occasions, in the absence of and without any notice to Brown. That before the first of said meetings Bull and Smith proposed to Brown to go together and view the estate in question, which Brown declined to do ; and then Bull and Smith went together and had said view, without Brown, and without urging him or further inviting him to accompany them. And this testimony was uncontradicted."

The foregoing discloses such conduct on the part of the commissioners as wholly vitiates their doings. It was their imperative duty to act in concert as far as practicable, and to make every effort to reconcile differences and unite in judgment. They were bound to meet and deliberate together—not once, or twice, or occasionally, but always, when they met at all. They had no authority to consult and confer in pairs, in the absence of the third. *Henderson* v. *Buckley*, 14 B. Monr. 292.

Exception 6. The leave granted to the commissioners to

amend their report, was void because granted in vacation and without notice to the defendants.

Exception 7. A paper or proposed amendment of the report was filed in said cause, April 28th, 1869, but nothing was ever done, made or filed, in the premises, subsequent to or pursuant to any leave to amend. This paper purports to have been authorized by the court, but it was not. It was filed without previous notice, application, or permission of any kind. It has not been ratified, for the subsequent leave to amend does not particularize or even allude to it. The amendment has never been perfected.

Exception 8. At said November term of the Court of Common Pleas, both the order by which an amendment of said report was allowed, and said former authority to amend the same was confirmed or attempted to be confirmed, and also the judgment then rendered by said court on and in conformity, to said report, were made and rendered by a judge, (sitting alone) who had not heard or tried said cause, or any part of it, or heard any of the evidence or arguments therein.

When one judge has alone heard the evidence and arguments in a cause and tried it, another judge, in the absence of the first, ought not to render judgment or decide any point in it. The violation of this principle would furnish ample cause for a new trial in any case. There is nothing in the case at bar to excuse an irregularity of this sort.

*Sheffield and White, for the plaintiff, contra*:—

I. The legislature intended by the act in relation to partition, to provide a certain means by which estates held in common might be enjoyed in severalty. If the law requires three or more commissioners to concur in a report, the law may be defeated, as the commissioners might never concur. See *Baltimore T. Co.*, 5 Binn. 485. The law establishes and sustains the following propositions, viz.: 1. When a commission is instituted under a general law to three or more persons, after all are qualified and all deliberate, a majority may bind the minority. 2. When a commission is issued in connexion with the administration of justice, to three or more persons to do any act requir-

ing discretion, a majority, after all are qualified and deliberate, may bind the minority. 3. When a commission is created by private parties, or for a private purpose, in the absence of a stipulation that a majority may bind, all must concur. 4. So if a special authority is conferred by a special law upon three or more persons to do a valid act, they must all coincide.

So when a power is conferred to do an act merely ministerial, upon three or more, they must all concur to execute the authority, but it is otherwise, when the power conferred is of a judicial character, if the appointment is made by any of the legally constituted authorities and under a general law.

II. The distinction between commissioners instituted by private and by public authority is taken in *Coke Lit.* 131, *b*, where it is said, there is a diversity between authority created by the parties for private causes and authority created by law for the administration of justice. In matters of a public nature such as arise in the administration of justice, a majority will bind. Note 13, Sec. 3, Vin. AB. Tit. Authority.

When a statute constitutes a board of commissioners or other officers to decide any matter, but makes no provision that a majority shall constitute a quorum, all must be present to hear and consult, though a majority may decide. See *Ex parte Rogers*, 7 Cow. 526 and note; *Gridley* v. *Barker*, 1 B. & P. 236. This rule applies to commissioners to lay out highways, see *Babcock* v. *Lamb*, 1 Cow. 238. But not to commissioners to keep highways in repair.

In the awards of referees and auditors who derive their power to administer justice *by the act of law* a majority may bind, but it is otherwise by arbitrators chosen by the private act of the parties. *Patterson* v. *Leavitt*, 4 Conn. 53. A majority may act in matters of partition. *Odiorne* v. *Seavey*, 4 N. H. 53; *Town* v. *Jagnith*, 6 Mass. 496; *Hawes* v. *Walker*, 23 Barb. S. C. 304; *Bluchet* v. *Blisard*, 9 B. & C. 851; *King* v. *Whitaker*, Ib. 648; *Gridley* v. *Barker*, ante 1 B. & P. 229; *Crooker* v. *Crane*, 21 Wend. 218; *Orris* v. *Thompson*, 1 Johns. 500; *Spencer* v. *Scudder*, 9 Johns. 359; *McHenry* v. *Benedict*, 11 Johns. 402; *Brown* v. *Mason*, 13 Johns. 460; *Binney* v. *Ryan*, 21 Wend. 178;

*Wolsey* v. *Tompkins*, 23 Wend. 324 ; *Damon* v. *Granby*, 2 Pick. 355 ; *Upham* v. *Whiteside*, 23 Wend. 9 ; *Jewett* v. *Alton*, 7 N. H. 256. An authority to an attorney, if the attorneys are commissioners, or appointed by record, as is suggested in Comyn's Dig. Tit. Attorney, C. § 11, is a very different authority to that of a tribunal constituted for the administration of justice. The report of two of three commissioners in partition were held binding. *Keene* v. *Parker*, 4 Wis. 123 ; *Coler* v. *Hall*, 2 Hill, 626 ; *Odiorne* v. *Sweeney*, ante. *Sweet* v. *Mathewson*, 1 R. I. 422, is to the point, that where parties agree to submit a cause between them to three referees, and all of them sign the report, that the court will not consider certain irregularities in the commission.

That the duty of the commissioners was judicial. See *King* v. *The inhabitants of Hamstall*, 3 Term. 380 ; *Grant* v. *Raymond*, 6 Pet. 241 ; *Marbury* v. *Madison*, 1 Cranch, 158. Commissioners act as a court in partitions. See *Manney* v. *Charlesworth*, 1 Coopers, (Brougham Dec.) 55 ; *Withwell* v. *Gartham*, 6 Term. 388 ; Ins'ts Just. Book 4, Tit. 8, § 17. The report of the two of the commissioners must, in the absence of a minority report, be presumed to be the report of all. *Gridley* v. *Barker*, 1 B. & P. 229, and other cases heretofore cited.

III. Evidence aliunde the report is admissible in aid of an award where it does not appear in the form of the report that the requisite number was present at the hearing. See *Ackling* v. *Finch*, 7 Cow. 290 ; *Frye* v. *Scott*, 3 Cranch, C. C. 294.

DURFEE, J. We do not think the report of the commissioners was invalid merely because it was not unanimous. We think the true rule is, that where three or more persons are charged with a judicial or quasi judicial function under an authority derived, not from the parties in interest merely, but from a law or statute of the state, though all must hear and deliberate together, a majority may decide, unless it is otherwise provided. The counsel for the defendants admit that this is a rule when the power to be exercised is of a public nature, but contend that in mere private causes the decision must be unanimous, though the power to decide be given by statute ; a power

being public, they claim, within the meaning of the rule, not because given by statute, but because the business to be transacted is a matter of public concern.    Most of the cases cited, in which a majority decision has been sustained, are cases in which the public was interested, either in the question decided or in the matter or proceeding in pursuance of which the question arose. In such cases the decision of a majority would be valid, even if the rule were subject to the limitation for which the defendants contend ; and, doubtless, the language used by the courts, in deciding some of them, favors the inference of such a limitation. But we have not been referred to any case in which it has been held that the rule does not extend, in the case of persons authorized to decide by law, or public statute, to cases in which the public has no interest beyond its general interest that there shall be an end of litigation.    On the other hand there are cases even among these, in which the rule contended for by the defendants, would have sufficed, in which the broader rule was recognized.

Thus in *Crocker* v. *Crane*, 21 Wend. 218, where commissioners were authorized by statute to receive subscriptions to the capital stock of a railroad company, and to distribute the stock, if subscribed in excess of a certain sum, among the subscribers in such manner as should be most conducive to the interests of the corporation, it was held, that the distribution of the stock made by only a majority, was not on that account invalid.    The court said : " It has long been perfectly well settled, that when a statute constitutes a board of commissioners or other officers, to decide any matter, but makes no provision that a majority shall constitute a quorum, all must be present to hear and consult, though a majority may decide." And see *Woolsey* v. *Tompkins*, 23 Wend. 324 ; *Upham* v. *Whiteside*, 23 Wend. 9.

In the case of the *Baltimore Turnpike Company*, 5 Binn. 481, six commissioners were appointed by a court in pursuance of a statute, to assess the damages caused by the location of a turnpike, five of whom agreed and the other dissented, and their action was sustained.    Here it may be said, that the establishment of a turnpike is a matter of public concern ; but, allowing this, the court assigned reasons for its decision, which would

have been as applicable, if there had been no interest of the public concerned.

The dictum of the court in *Patterson* v. *Leavett*, 4 Conn. 53, recognizes the broader rule as applicable to the awards of referees and auditors who derive their power to administer justice by acts of the law.

In *Farwell's Petition*, 2 N. H. 123, it was thought that a majority decision of referees acting under a rule was valid. WOOD-BURY, J. said : "It is a well settled rule, that if all who are appointed under a public statute to a judicial duty, unite in the performance of it, but disagree in final judgment, the opinion of the majority is binding." This shows how the rule was regarded by the court, though its application to a reference under a rule of court may perhaps be questioned.

In *Moffitt* v. *Jaquins, et. al.* 2 Pick. 331, an extent of an execution on land was sustained, where one out of three appraisers disagreed to the appraisement required by the statute. A different decision was however previously made by Justice STORY in *United States* v. *Slade*, 2 Mason, 71.

A principal reason why unanimity is not required, is the delay which might ensue if it were required. This reason is applicable in private causes as well as in matters of public concern. Indeed a cause becomes public, in a certain sense, by its pendency in court, and the public is interested to have it disposed of with as little delay as is consistent with the proper administration of justice. *Coke Lit.* 181, *b.*

The first exception is overruled.

But though a majority may decide, all should be present to hear and deliberate, and we think the report, at any rate when not signed by all, should show affirmatively that all were so present. *Short* v. *Pratt*, 6 Mass. 496 ; *Odiorne* v. *Seavey*, 4 N. H. 53. Here the report did not show this, and being objected to on that account, should have been recommitted for correction, unless there was good reason for rejecting it altogether. In this view we sustain the second, third and fourth exceptions.

The fifth exception relates to the refusal of the court to reject the report on motion of the defendants, based on certain testi-

mony which, if true, showed that the two commissioners who signed the report, viewed the premises unaccompanied by the non subscribing commissioner, and at different times conferred together in his absence and without notice to him. The mere fact that such a view and such conferences occurred, there being no improper motive, would not in our opinion invalidate the proceeding, if all were present at the hearing and all fairly conferred before and when the report was finally agreed upon. The exception states testimony, and upon the testimony stated the court may have found that this was the case. The exception does not show any matter of law in which the court erred. We cannot of course revise its judgment in matters of fact upon a bill of exceptions. We overrule the fifth exception.

A majority of the court think the commissioners were not entitled to amend their report without leave, and this being so, the court erred in granting leave to amend in vacation without the consent of the parties and without notice to them. The amendment was afterwards allowed and the former leave to amend confirmed by the court in term time, by a judge who had taken no part in the previous hearing. To this the defendant objected, claiming a right to be heard before the judge who alone had heard the testimony at the former trial. We think the defendant was entitled to be heard by that judge, or to have the cause heard *de novo* by the judge then presiding. We therefore sustain the sixth exception.

The seventh exception is overruled. We think judgment should not have been entered by a judge who had not heard the cause, without hearing the same so long as any thing remained open for hearing. In this case the parties had not been heard either upon the allowance of the .amendment or upon the report as amended. The order made in vacation, overruling exceptions to the report, was made after the record had been essentially changed. The case, therefore, on which the order was made, was not the case in which the hearing had been had. We sustain the eighth exception, and remit the cause to the Court of Common Pleas for rehearing.

*Exceptions (in part) sustained.*