Matter of the Application of JAMES SWEENEY, JR., as
   Executor and Trustee under the Last Will and
   Testament of JAMES SWEENEY, Deceased, for the
   Removal of the FLAXEN FIBRE-DOWN COMPANY, a
   Tenant Holding Over.

(County Court, Niagara County, March, 1916.)

Lease — provisions of — default in payment of rent — landlord and ten-
    ant — violations of covenants contained in lease — when new ten-
    ancy created.

   A lease commencing in May, 1913, for a term ending May 1,
1918, provided that "if default be made in the payment of the
rent, or any part thereof, or if said party of the second part
shall sublet said premises during the term of this lease without
the consent in writing of the party of the first part, except for
manufacturing purposes, or shall use said leasehold premises
for any purposes except for manufacturing purposes as afore-
said, or if any violation of any covenant or agreement con-
tained in this lease is made by said party of the second part,
then, and in either event, said party of the first part shall have
the right, at the election of the party of the first part, to ter-
minate this lease upon first giving to the party of the second
part thirty (30) days notice of such election, to be served
upon some officer of said party of the second part, or to be left
at its place of business upon said leasehold premises; and the
above mentioned term shall thereupon cease at the expiration
of said thirty (30) days in the same manner and to the same
effect as if that were the expiration of the original term of said
lease; it being further *agreed* that such election shall be in the
discretion of said party of the first part, and, when exercised,
shall be conclusive upon the party of the second part."

   On February 19, 1914, the tenant having defaulted in the
payment of rent and violated his covenant to pay taxes and
keep the premises insured, the landlord served the thirty days'
notice above provided for but the tenant continued in the occu-
pation of the premises, machinery was shipped in by it during
1914 and to the knowledge of the landlord machinery was

County Court, Niagara County, March, 1916.   [Vol. 94.

installed on the premises by the tenant in 1915. In negotiations for a new lease, carried on after the service of the thirty days' notice, which, however, came to naught, the landlord claimed that the lease had expired, while the tenant claimed that it had not. On October 21, 1915, an action was brought for use and occupation from March 20, 1914, the date on which the landlord claimed that the term of the lease expired pursuant to the thirty days' notice. In a proceeding commenced in January, 1916, by the landlord under section 2231 *et seq.* of the Code of Civil Procedure, for the removal of the tenant, on the ground that it was holding over and continuing in possession after the expiration of its lease without the permission of the landlord, the tenant denied that its term had expired and claimed that even if it had it was a tenant at will or by sufferance. At the close of the evidence, a verdict was directed in favor of petitioner. On motion for a new trial held:

That the provision of the lease above quoted constituted a conditional limitation and not a condition and that the lease expired by its own terms upon the expiration of the thirty days' notice.

That respondent by holding over after March 20, 1914, became a wrongdoer and petitioner could treat it as a trespasser and bring summary proceedings or ejectment to remove it, or he could waive the wrong and treat respondent as a tenant from year to year or at will or by sufferance.

That by permitting respondent to occupy the premises from the expiration of the lease to the time of the institution of the present proceedings and by permitting it to install machinery therein during the same period without objection and by bringing an action for use and occupation petitioner had waived the wrong and a new tenancy was created which had not expired and the motion for a new trial must, therefore, be granted.

APPLICATION pursuant to the provisions of section 2231, Code of Civil Procedure, for the removal of respondent from certain premises in the city of North Tonawanda, N. Y.

Adelbert Moot and Welles V. Moot, for petitioner.

Walter W. Chamberlain, for respondent.

FISH, J.   This is an application to me as county judge of Niagara county, pursuant to the provisions of section 2231 of the Code of Civil Procedure *et sequitur* for the removal of the respondent from certain premises in the city of North Tonawanda, N. Y., on the ground that it holds over and continues in possession of the premises after the expiration of its term without the permission of the petitioner, its landlord.   The respondent denies that its term has expired and claims that even if the term has expired it is a tenant at will or by sufferance.   A jury was demanded and the case tried before the jury and myself and at the close of the evidence I directed a verdict in favor of the petitioner, and thereupon a motion for a new trial was made on all of the grounds specified in section 999 of the Code.

The facts are undisputed.   A lease was entered into between the parties under date of January 3, 1913, for a term ending May 1, 1918, and subject to certain conditions for an extended period of ten years; the term was to commence on the completion of certain improvements and did in fact commence in about the month of May, 1913.   The lease provided as follows:

"*And it is expressly and mutually agreed* by the parties hereto that if default be made in the payment of the rent, or any part thereof, or if said party of the second part shall sublet said premises during the term of this lease without the consent in writing of the party of the first part, except for manufacturing purposes, or shall use said leasehold premises for any purposes except for manufacturing purposes as aforesaid, or if any violation of any covenant or agreement contained in this lease is made by said party of the second part, then, and in either event, said party of the first part shall have the right, at the election of the party of the first part, to terminate this lease upon first giving to the party of the second part thirty (30) days notice of

such election, to be served upon some officer of said party of the second part, or to be left at its place of business upon said leasehold premises; and the above mentioned term shall thereupon cease at the expiration of said thirty (30) days in the same manner and to the same effect as if that were the expiration of the original term of said lease; it being further *agreed* that such election shall be in the discretion of said party of the first part, and, when exercised, shall be conclusive upon the party of the second part.''

Default having been made in the payment of rent and a covenant to pay taxes and keep the premises insured having been violated, on February 19, 1914, the petitioner served the thirty days' notice above provided for. The respondent continued in the occupation of the premises after the expiration of such thirty days' notice, machinery was shipped in by it during the year 1914, machinery was installed by it on the premises in the year 1915 with the knowledge of petitioner. After the service of the thirty days' notice negotiations for a new lease were carried on for a time and in these negotiations petitioner claimed that the lease had expired and respondent claimed that it had not; the negotiations, however, came to naught. On October 21, 1915, petitioner brought an action against respondent for the use and occupation of the premises from March 20, 1914, the date on which it is claimed the term expired pursuant to this thirty days' notice, and this proceeding was commenced in January, 1916.

The provision above quoted from the lease in question constituted a conditional limitation and not a condition and there was an expiration of the lease by its own terms after the expiration of the thirty days named in such notice. *Miller* v. *Levi,* 44 *N. Y.* 489; *Cottle* v. *Sullivan,* 8 Misc. Rep. 184; *Martin* v. *Crossley,* 46 id. 254; *Matter of Schoelkopf,* 54 id. 31; *Matter of Guar-*

*anty B. Co.*, 52 App. Div. 144. This case is distinguishable from such cases as *Beach* v. *Nixon,* 9 N. Y. 37, and *Matter of St. Stephen's Church* v. *Bastine,* 75 Misc. Rep. 470, cited by respondent. In such cases there was a condition that the lease should cease and determine at the option of the landlord for default in the performance of certain covenants by the tenant; under such a provision the lease continues until the expiration of the option and the only way in law of exercising the option is by re-entry. The breach did not *ipso facto* terminate the lease. In the instant case, however, the parties have expressly agreed that the term shall cease at the expiration of the thirty days and to hold that the term has expired is but to hold the parties to their agreement; an option is to be exercised, but the parties have expressly agreed how it shall be exercised and how then manifested, and when so exercised and manifested the lease ends not at the option of any one but absolutely by the express terms of the lease.

The lease having expired on or about March 20, 1914, the respondent by holding over became a wrongdoer and the petitioner could treat it as a trespasser and bring summary proceedings or ejectment to remove it or he could waive the wrong and treat the respondent as a tenant from year to year or at will or by sufferance. The wrong was waived here and a new tenancy created by permitting the tenant to occupy the premises from the expiration of the lease about March 20, 1913, to the time these proceedings were commenced and by permitting it to install machinery therein during that period without objection (*Kerrains* v. *People,* 60 N. Y. 221; *Smith* v. *Littlefield,* 51 id. 543), and also by bringing an action against the respondent for the use and occupation of the premises for the period subsequent to such expiration.

At common law an action of *assumpsit* for use and

occupation of premises would not lie, the remedy was trespass or ejectment and for the recovery of mesne profits. An action for use and occupation was first authorized by the English statute (11 George II, chapter 19), the object of which was " to provide an easy remedy in the simple case of actual occupation." *Naish* v. *Tatlock*, 2 H. Black. 223. The English statute was followed by a similar statute in this state which was formerly 1 Revised Statutes, 748, section 26, and now is section 220 of the Real Property Law. The remedy thus created is founded on an agreement to pay, express or implied, and unless the conventional relation of landlord and tenant exists there can be no such agreement; consequently the action will not lie when such conventional relation does not exist. *Preston* v. *Hawley*, 101 N. Y. 586; *Sylvester* v. *Ralston*, 31 Barb. 286. Section 2253 of the Code of Civil Procedure does not aid petitioner. That section in effect preserves the relation of landlord and tenant after the issuance of a dispossess warrant for the purposes of an action to recover for use and occupation to the time of the issuance of a warrant and was undoubtedly enacted because such relationship is a necessary element of an action for use and occupation. The said section of the Code and the said section of the Real Property Law together afford to a landlord a complete remedy by action for use and occupation against a tenant wrongfully holding over after the expiration of his term which neither gives separately. Under the section of the Real Property Law a landlord could only recover where the relationship of landlord and tenant existed either expressly or impliedly, while under the Code a landlord could recover for use and occupation to the time when the warrant is issued, although a new relationship of landlord and tenant had not been created, the former rela-

tionship being continued for the purpose of such an action. The bringing of the action for use and occupation by the petitioner against the respondent was an admission by the petitioner that the respondent was his tenant.

It would seem that this tenancy was not from year to year because while the petitioner had a right to elect to hold the respondent as his tenant from year to year there is no evidence that he did so elect and there are no circumstances in this case showing an intention on the part of either party to create a yearly tenancy and nothing from which such a tenancy could be inferred (*Talamo* v. *Spitzmiller*, 120 N. Y. 37), and that the tenancy which the law implies here is one at will or by sufferance. It is unnecessary, however, to determine whether the new tenancy created by implication of law was from year to year, at will, or by sufferance; if from year to year it has automatically renewed itself and the renewal will not expire until March 20, 1916, and if at will or by sufferance it has not been terminated by the service of the notice prescribed by statute. Real Prop. Law, § 228. I am of the opinion that a new tenancy was created and that such new tenancy has not expired.

Motion for a new trial granted.