Marie Phelan, Plaintiff, *v.* David E. Kennedy, Defendant.

(Supreme Court, New York Special Term, May, 1918.)

Lease — assignment of — liability for rent reserved — landlord and tenant — actions — pleading — when motion for judgment on the pleadings granted.

One who enters into possession of leased premises for the balance of the term becomes the assignee of the tenant, and if he holds over after the expiration of the lease there is a renewal thereof and he is liable for the rent reserved.

Where the original tenant by reason of such holding over pays the rent to her landlord in settlement of the claim that she was in effect a guarantor of the rent, she becomes subrogated to the right of the landlord to collect the rent from the assignee of the term.

Where, in an action by the original tenant upon a claim for damages for breach by her assignee of the covenant to surrender possession at the termination of the lease, there are sufficient facts alleged in the complaint to entitle plaintiff to recover the amount paid by her to her landlord for rent up to the time of the bringing of the action, her motion for judgment upon the pleadings will be granted, with leave to defendant to withdraw a demurrer and to interpose an answer.

Motion for judgment on the pleadings. Defendant demurs to plaintiff's complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Strong & Mellen (Chase Mellen on the brief), for plaintiff.

Albert A. Raphael (David J. Gallert and Walter S. Heilborn with him on the brief), for defendant.

Tierney, J. The plaintiff had a lease of premises which expired on September 30, 1917. She made what

purported to be an intermediate sublease to the defendant for the balance of the term. I think that under the decisions the defendant thereby became an assignee of the plaintiff. At the end of the term the defendant failed to surrender possession and has continued therein up to the time of the commencement of this action. The landlord was entitled to have possession surrendered at the end of the term, and upon a holding over could elect to have the same constitute a renewal of the letting for another year, and it appears that such an election has been made, as the landlord has accepted the payment of rent since the end of the term. The holding over by the defendant as an assignee of the plaintiff was a renewal of the lease from the landlord, and his possession makes him liable for the rent reserved in that lease. He insists that what purports to have been a sublease was in fact an assignment. His holding over did not renew the assignment, but renewed the lease of whose term he claims to have been the assignee. That the landlord might have sued the defendant for the rent as it accrued seems plain. The plaintiff, however, under the impression that she became obligated to pay this rent for another year by reason of the defendant's holding over, has paid the amount thereof to the landlord. In doing so she has not acted as a pure volunteer, but in settlement of the claim that she had become, in effect, a guarantor for the payment of this rent. Under these circumstances it seems to me that the plaintiff became subrogated to the right of the landlord to collect this rent from the defendant, and that, while I do not agree with the theory upon which this action is brought upon a claim for damages for breach of the covenant to surrender possession, there are sufficient facts alleged in the complaint to enable the plaintiff to recover for the amounts that she has paid to the land-

lord for the rent of the defendant's premises up to the time of the bringing of this action. If the plaintiff had taken a formal assignment from the landlord there would seem to be no doubt of her right to recover, and her payment of the rent under the circumstances detailed in the complaint seems to me to place her in the same position as if the claim had been formally assigned. The plaintiff's motion for judgment upon the pleadings is granted for the recovery of $700, the amount of the rent that had accrued and was paid up to the time of the commencement of this action, with $10 costs, with leave to the defendant, within ten days after the entry of the order hereon, to withdraw the demurrer and interpose an answer upon payment of said costs and of $15 costs of the action.

Ordered accordingly.