(98 South. 370)

SOLOMON et al. v. ROGERS. (7 Div. 409.)

(Supreme Court of Alabama. Oct. 18, 1923. Rehearing Granted Dec. 13, 1923.)

1. Landlord and tenant ⬅➡90(5)—Status of hold-over tenant lies with landlord.

The election of hold-over tenant's status, whether as a trespasser or tenant, lies only with the landlord.

2. Landlord and tenant ⬅➡285(5) — When election as to status of hold-over tenant for jury stated.

When fact of election vel non to treat hold-over tenant as a trespasser or as a tenant rests on an inference from equivocal conduct of landlord, it is for jury.

3. Landlord and tenant ⬅➡90(5)—Election as to status of hold-over tenant must be based on knowledge of facts.

Election of landlord to treat hold-over tenant as trespasser or as a tenant is not binding unless landlord had knowledge of material facts.

4. Landlord and tenant ⬅➡90(5)—Retaining check for rent for 20 days held not election to treat as tenant.

Where, after termination of lease for years, tenant on February 1 sent landlord a check for that month, and on February 20 check was returned by mail without comment, and termination of lease required no affirmative action, retention of it for 20 days was not election as matter of law.

5. Landlord and tenant ⬅➡94(2)—Duty of tenant to deliver possession on termination of lease without demand.

On termination of a lease for years, it is tenant's duty to deliver possession without demand.

6. Landlord and tenant ⬅➡286—In ejectment by lessor, only effect of tender before suit is to reduce damages recoverable.

In ejectment to recover possession of leased premises, damages, for unlawful detention are but an incident to recovery, and the only effect of tender before suit is to reduce the damages recoverable.

7. Landlord and tenant ⬅➡284(1)—Tender not defense in ejectment by lessor if detention unlawful.

In ejectment to recover leased premises, tender is not a defense if detention was unlawful.

8. Landlord and tenant ⬅➡280½—Landlord in ejectment need not show title by deed.

Landlord in ejectment need not show title and right to possession by deed.

9. Landlord and tenant ⬅➡62(4)—Tenant estopped after lease expires to deny landlord's right to possession.

Tenant is conclusively estopped by possession under lease to deny landlord's title and right to possession at termination.

On Rehearing.

10. Pleading ⬅➡339—Plea in ejectment held to effect abandonment of disclaimer.

Where in ejectment sublessees not claiming or holding possession of half of the premises suggested that B. was their landlord, and B. filed plea, the effect of which was admission of possession of the entire building, under claim of right, such plea, being inconsistent with previously filed disclaimer, automatically effected its abandonment, and instruction which permitted assessment of damages for detention of entire building was not error.

11. Trial ⬅➡296(13)—Issue improperly submitted to jury may be eliminated by subsequent instructions.

In statutory ejectment for leased premises, in which defendant files a disclaimer as to part of premises which is subsequently abandoned, error of court in submitting issue as to disclaimer does not prevent it from afterward ignoring such issue and instructing as to detention of entire premises.

12. Landlord and tenant ⬅➡285(4) — Landlord's testimony in ejectment as to reasonable rental value of store held sufficiently definite as to time referred to.

In statutory ejectment against lessee and sublessee to recover leased store, permitting plaintiff's evidence that the reasonable rental value of occupied part of store was $75 per month "after J.'s time was out" was not error on the ground that it was not shown when J.'s time was out, where it sufficiently appeared from plaintiff's further testimony and that of lessee that J. was identical with the lessee, and that plaintiff's rental valuation was applicable to period of occupation by S. as sublessee.

13. Evidence ⬅➡471(28) — In suit against hold-over tenant, plaintiff's testimony that at time of suit there was no lease held not error.

In ejectment, where plaintiff testified he had made a lease which had expired, it was not error to allow him to state, as involving a conclusion, that at time suit was brought he

had no rental contract with defendants; facts tending to show an implied contract not then being before the court, and the statement evidently referring to the existence or not of any express contract made thereafter.

**14. Evidence ☞166 — Offer of witness to show transaction in ledger without producing ledger held properly denied.**

Denial of an offer to show by witness that certain transactions were shown in his ledger without producing the ledger *held* not error.

**15. Landlord and tenant ☞285(4)—In ejectment by lessor, evidence of rent charged sublessee by hold-over tenant held admissible.**

In ejectment, where defendant's witnesses stated that the rental value of part of premises sublet was between $20 and $30 per month, the fact that sublessee was charged $35 was contradictory, and, being collateral to the issues, it was not necessary to prove such fact by production of lease between hold-over tenant and his sublessee.

**16. Appeal and error ☞1079—Assignments of error not sufficiently argued waived.**

Where assignments of error based on rulings on evidence are not sufficiently argued to be entitled to consideration, they must be treated as waived.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Joe S. Rogers against Louis and Bella Solomon. From a judgment for plaintiff, defendants appeal. Affirmed on rehearing.

· The action is in statutory ejectment for the recovery of "the east half of the east half of lot 234, original survey of Gadsden, Ala." The defendant Solomon suggested that C. H. Blum was his landlord, and on notice Blum came in and defended. The defendants disclaimed as to the west half of the east half of the east half of lot 234, and pleaded not guilty as to the other portion. There were also several special pleas setting up delivery of the premises after the termination of defendants' lease, and also tender of the amount due for rent or occupation. Plea 3 is as follows:

"(3) The defendants for plea in this behalf say that on the beginning of this suit he was lawfully in possession of the premises sued for, and that he remained in possession until the 1st day of February, 1919, on which day he ceased to occupy said premises, and plaintiff at once took possession of them, and that plaintiff has been in possession ever since."

Plaintiff joined issue on the disclaimer and pleas, and there was a general verdict and judgment for plaintiff for "the property sued for," with $600 damages as rental value from February 1, 1918, to February 1, 1919. Motion for new trial being overruled, defendants appeal.

Alto V. Lee and C. W. Peters, both of Gadsden, for appellants.

Original book entries are admissible in connection with testimony of the person who made them. McDonald v. Carnes, 90 Ala. 147, 7 South. 919; Shirley v. So. Ry. Co., 198 Ala. 102, 73 South. 430. Where a tenant for years holds over after expiration, the law will imply an agreement to continue the lease for another year under the same terms and conditions. Singer Mfg. Co. v. Sayre, 75 Ala. 274; Wolffe v. Wolff & Bro., 69 Ala. 549, 44 Am. Rep. 526; Bains v. Dank, 199 Ala. 254, 74 South. 341; Formby v. Williams, 203 Ala. 17, 81 South. 682; Kyle v. Gadsden Hdw. Co., 200 Ala. 593, 76 South. 951. Where a plea of disclaimer is interposed, it is necessary for plaintiff to show actual possession by defendant. Ely v. Pace, 139 Ala. 293, 35 South. 877; Kirkland v. Trott, 66 Ala. 420; Bailey v. Selden, 124 Ala. 406, 26 South. 909.

Culli & Hunt, of Gadsden, for appellee.

A tenant cannot dispute the title of his landlord, while in possession under a lease, or while holding over after the expiration of his lease. Robinson v. Holt, 90 Ala. 116, 7 South. 441; 1 Taylor on L. & T. § 89; 2 Taylor on L. & T. §§ 705–707; Elliott v. Dycke, 78 Ala. 150; Wells v. Sheerer, 78 Ala. 142; Crim v. Nelms, 78 Ala. 604; Pope v. Harkins, 16 Ala. 321; Houston v. Farris, 71 Ala. 570; Farris v. Houston, 74 Ala. 162. A plea of "not guilty" in an ejectment suit constitutes a waiver of a plea of disclaimer as to any part of the property; the plea of not guilty is an admission of possession at the time the suit was brought, and for that reason the plea of disclaimer will not be noticed or considered by the court. Bernstein v. Humes, 60 Ala. 582, 31 Am. Rep. 52; Alexander v. Wheeler, 69 Ala. 332; Crosby v. Pridgen, 76 Ala. 385; Danner v. Crew, 137 Ala. 617, 34 South. 822.

SOMERVILLE, J. The property sued for is a storehouse in the city of Gadsden, one side of which had been rented to and occupied by a shoe shop, and the other side to the defendant Blum, who occupied it until February 1, 1917, when he subleased it to the defendant Solomon. Blum's original lease ran from February 1, 1916, to February 1, 1917, and was extended to February 1, 1918.

The issues presented on the trial were: (1) Whether defendants were in possession of both halves of the storehouse at the time of suit, including the half disclaimed. (2) Whether, upon the admitted holding over by defendants after the termination of the lease on February 1, 1918, plaintiff elected to treat them as tenants or as trespassers. (3) The amount of damages recoverable as rental value during the year of occupation after the termination of the lease.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is clear from the testimony in the record that defendants were not claiming or holding possession of that half of the premises as to which they disclaimed. Instead of taking judgment for the part disclaimed, without damages or costs, as he might have done (Torrey v. Forbes, 94 Ala. 135, 139, 10 South. 320), plaintiff took issue on the disclaimer. On the issue thus made, the jury were erroneously instructed as to the right of plaintiff to recover the entire property sued for, with its rental value as damages. Presumptively, under the instructions given—and duly excepted to—the jury assessed damages which included the rental value of the entire storehouse, instead of the half actually occupied and held. For this error the judgment must be reversed, and the cause remanded for another trial.

[1] It is not necessary to discuss the numerous other assignments of error in detail. The important questions thereby presented relate to the status of a hold-over tenant as determined, in the absence of express agreement, by the conduct of the landlord with respect thereto.

In Wolffe v. Wolff & Bro., 69 Ala. 549, 553, (44 Am. Rep. 526), the rule is thus stated:

"The principle is too well established for further controversy, that, where a tenant for years holds over after the expiration of his term, the law will imply an agreement to hold, or continue the lease, for another year, upon the terms and conditions of the prior lease. It is the duty of a tenant, so soon as the period of his tenancy expires to peaceably surrender the possession of the demised premises to his landlord, and if he neglects or refuses to do so, the landlord may treat him either as a trespasser, or as a tenant, according as his own option may dictate."

In such a case the election of the tenant's status lies with the landlord, and not with the tenant. A. G. Rhodes Fur. Co. v. Weeden, 108 Ala. 252, 257, 19 South. 318.

[2, 3] When the fact of election vel non rests upon an inference from equivocal conduct on the landlord's part, it is of course a question for the jury, and a binding election is not to be intended unless the elector had knowledge of the material facts.

[4, 5] The evidence of defendants tends to show that they sent to plaintiff a check for the regular monthly rent on February 1, 1918, upon the termination of the pre-existing lease, the rent tendered being in advance for February, and that the check was returned to Blum through the mail on February 20th, without comment, and prior to February 1st no notice had been given them by plaintiff to vacate the building, nor that he expected them to deliver possession. If the jury believed this evidence it was open for them to infer that plaintiff had assented to defendants' hold-over, and thereby elected to treat the lease as continuing. But the mere fact of plaintiff's retention of the check for 20 days did not fasten upon him an election as a matter of law. He was of course under no duty to demand possession upon the termination of the lease. On the contrary, it was defendants' duty to deliver possession, with or without a demand from plaintiff. The lease was terminated by its own terms, and that result required no affirmative action by plaintiff.

But, if the jury believed the testimony of plaintiff, viz. that he called upon Solomon to deliver possession to him upon the termination of the lease, on February 1st, or thereabouts, the mere fact that plaintiff retained the check in his possession for 20 days would not support the finding of an election by him to renew the lease to defendants.

[6, 7] In ejectment, damages for the unlawful detention are but an incident of the recovery, and the only conceivable effect of a tender thereof before suit would be to reduce the amount of damages recoverable. Such a tender is not a defense to the suit, if the detention was unlawful. On the other hand, if the detention was not unlawful, there can be no recovery either of the possession or of damages.

[8] As for the burden of proof that rested on plaintiff to make out his case, it was not necessary for him to show title and right of possession by deed.

[9] So far as these defendants are concerned, they are conclusively estopped by their possession under the lease from plaintiff to deny his title and right to possession upon its termination. Robinson v. Holt, 90 Ala. 115, 116, 7 South. 441.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ. concur.

On Rehearing.

SOMERVILLE, J. [10] In the beginning of his oral charge to the jury, the trial judge stated that defendants had disclaimed as to a specified half of the store-building sued for, and that this cast upon plaintiff the burden of proving that defendant was in possession of the portion disclaimed. Evidence had been received on that issue during the trial; the record showed issue joined on the disclaimer; and the issue was formally submitted to the jury. On appeal the case was presented as involving the issue made by the disclaimer, and counsel for appellee took no exception to the arguments in that behalf.

In our foregoing opinion we dealt with the case as stated by the trial judge, and as presented in briefs of counsel, giving no critical attention to special plea 3, hereafter referred to, and we reversed the judgment of the trial court solely because the trial judge, in his later oral instructions to the jury, disregard-

ed the issue on the disclaimer, and ignored the evidence which showed conclusively that defendants had never been in possession of the disclaimed half of the building.

Plea 3 is awkwardly worded as to its pronouns, and we misapprehended its purpose and meaning. But it now very clearly appears to have been filed by all three of the defendants, about 18 months after the disclaimer was filed by the two original defendants, and to present an unequivocal admission of possession by the defendants of the premises sued for at the filing of the suit and for 12 months thereafter. If we were permitted to indulge in surmise, we would suppose that the draftsman of plea 3 intended it to be applicable only to the contested portion of the building, and not to the part disclaimed. But we cannot by surmise change the record, and the unmistakable effect of the plea is a conclusive admission of possession of the entire building sued for, under a claim of right. It was in substance and effect a plea of the general issue; it was utterly inconsistent with the previously filed disclaimer, and it automatically effected its abandonment. Bernstein v. Humes, 60 Ala. 582, 597, 31 Am. Rep. 52; Alexander v. Wheeler, 69 Ala. 385; McQueen v. Lampley, 74 Ala. 408, 410; Crosby v. Pridgen, 76 Ala. 385.

Plaintiff showed a prior possession of the entire premises under claim of ownership, and there can be no dispute as to his title and right of recovery, subject only to the defense of a rightful possession as tenants under a lease. Whether or not defendants' possession of the occupied half was rightful, as asserted by plea 3, depended upon whether or not their lease, which expired on February 1, 1918, was by express agreement, or by implication, or by estoppel, extended into another year. That question was fairly submitted to the jury under appropriate instructions which in some particulars, were too favorable to defendants.

As to the unoccupied half, as stated in the original opinion, had not the disclaimer been abandoned by filing plea 3, defendants would have been entitled to an affirmative instruction on the disclaimer. But with that plea on file, a binding and conclusive admission of possession of the entire premises, plaintiff was entitled to an affirmative instruction for the recovery of that half, together with its rental value as damages, notwithstanding defendants' testimony that they had never had possession of it. If there was no evidence as to its rental value, nominal damages at least were allowable.

The instructions to the jury were that any allowance of damages should be based on the evidence as to rental value.

[11] In the state of the record above set forth, none of the instructions embracing the unoccupied half of the premises can be pronounced erroneous; for the initial error of the trial judge in submitting an issue on the disclaimer could not prevent him from subsequently ignoring that issue and instructing according to the actual issues as fixed by the record, which it seems he did.

In this view of the record, and in the light of the principles previously stated, we find no error in the giving or refusing of instructions.

[12] It is earnestly contended that the trial court erred in allowing plaintiff to testify that the reasonable rental value of the occupied half of the store was $75 a month "after Jack's time was out"; the theory of the objection being that it had not been shown when "Jack's" time was out, and hence the period of rental thus valued was not identified with the period of defendants' occupation. Conceding that this objection was prima facie well taken, it sufficiently appeared from the further testimony of plaintiff, and of defendant Blum, that "Jack" was identical with Blum, and that plaintiff's rental valuation was applicable to the period of occupation by Solomon as sublessee.

[13] It was not error to allow plaintiff to state that, at the time this suit was brought, he had no rental contract with Blum or Solomon. He had testified that he had made a lease to Blum which had expired, and the question and answer evidently referred to the existence vel non of any express contract made thereafter. The facts tending to show an implied contract by holding over and acquiescence were not then before the court, and the denial of the existence of any later rental contract was in no sense a conclusion of the witness, but was the statement of a fact the scope of which could not have been misunderstood by the jury.

[14] An offer to show by a witness that certain transactions are shown in his ledger is a very different matter from showing those transactions of the ledger itself. Plaintiff cannot complain of the ruling in denial of such an offer, even though the ledger entries had been competent evidence if the ledger itself were produced.

[15] The fact that defendant Blum was charging, and defendant Solomon was paying, $35 per month for the use of the half of the building under Blum's sublease to Solomon, had some tendency to contradict the testimony of their value witnesses that the rental value was between $20 and $30 per month, and we think it was admissible for that purpose. Being merely collateral to the issues of the case, it was not necessary to prove the fact by the production of the written lease between Blum and Solomon. Moreover, at the time the question was asked and answered, it did not appear that there was a written lease.

[16] The other assignments of error based on rulings on the evidence are not sufficiently argued to be entitled to consideration, and must be treated as waived.

Our conclusion is that the record is free from prejudicial error, and the rehearing will be granted, the judgment of reversal will be set aside, and the judgment of the trial court will be affirmed.

Rehearing granted, and judgment affirmed.