MONKS, et al, Respondents, v. HESS, et al, Appellants.

(200 N. W. 490.)

(File No. 6390.  Opinion filed July 14, 1928.)

*Case & Case,* of Watertown, for Appellants.

*Irvin H. Myers,* of Watertown, for Respondents.

MORIARTY, C.  This action was brought to recover rents alleged to be due to plaintiffs under the terms of a lease. The trial court made its findings and conclusions in favor of the plaintiffs and entered judgment accordingly. From such judgment and from an order denying a new trial, the defendants appeal.

There is no conflict in the evidence, and the facts shown by the record are as follows:

On November 6, 1922, the plaintiffs were the owners of certain real property in the city of Watertown.  On that date said owners entered into a written contract with McCarthy Bros. Theatrical Company whereby they leased to said theatrical company

the aforesaid real property for the term of one year. The lease granted to the lessees the use of said property for billboard purposes, at an agreed rental of $40 per year, commencing December 7, 1922, and ending December 6, 1923. The lease further provided that it should not be assignable without the written consent of the lessor, and that it might continue "from year to year upon the payment to first party by second party the annual rental on or before the commencement of each year." The McCarthy Bros. Theatrical Company paid the first year's rental.

In the month of May, 1923, Hess & Rau, the appellants herein, purchased from the McCarthy Bros. Company the theatrical business then being operated by said company in the city of Watertown, and the vendors gave to the vendees a writing denominated a bill of sale in which were listed the property rights conveyed to Hess & Rau. The instrument contains the following provision:

"This bill of sale is also to cover the leases, right, title and interest of the parties of the first part to leases and right to and upon the billboards upon the certain [describing certain real properties one of which is the property involved in this action]."

The appellants took possession of the billboards which were located on respondents' property and continued to use them, not only during the year for which McCarthy Bros. Theatrical Company had paid the rent, but for the three succeeding years. No rent was paid except that paid for the year ending December 6, 1923.

One of the defendants testified that he is a member of the firm of Hess & Rau; that Hess & Rau had received the bill of sale above referred to; but further testified that he had never seen the lease before; "neither that exhibit nor a copy of it was turned over when we took this business or property from McCarthy Bros. I did not know there was any contract of this kind in existence until I saw a copy of it in the complaint of this action."

The plaintiff submitted no evidence as to the value of the occupancy of the property, but relied upon the theory that the acts of the defendants constitute an acceptance and renewal of the lease.

The appellants admit that they are indebted to respondents for the rents, but contend that, under the facts shown by the record,

the respondents must prove the reasonable value of the occupancy and cannot recover on the lease.

Appellants' counsel say in their brief: "Can defendants and appellants be bound under the terms of a contract which was not known to them until the action was brought?" And this is the only contention argued on behalf of appellants.

It is sufficient for the purposes of this appeal for us to say that the record in this case does not present that question. The trial court made no finding as to whether Hess & Rau knew of the provisions of the lease, or of the existence of a written lease. The only evidence is that Mr. Hess, a member of the firm, did not know of it. There is no showing as to whether Mr. Rau, or any other possible member of the firm, had knowledge of it.

As presented to this court, the record shows the existence of the written lease, the including of the rights of the lessees in the bill of sale accepted by the defendants, and their continued occupancy of the premises without payment of rent.

There is nothing in this record to relieve appellants from the well-established rule of law that, where a tenant holds over after the expiration of the term of his lease, the landlord has the option of treating the tenant as a trespasser, or as a tenant under the terms of the lease. This rule was clearly and concisely stated in Banbury v. Sherin, 4 S. D. 88, 55 N. W. 723, in the following words:

"In each case it was a lease for one year, and the lessee, by holding over, became a tenant or trespasser at the will of the landlord, until the lessor had accepted rent, and when that was done he became tenant for another year."

See, also, the following authorities for this rule: Wadsworth v. Owen, 21 N. D. 255, 130 N. W. 832; Bradley v. Slater, 50 Neb. 682, 70 N. W. 258; Waterman v. Le Sage, 142 Wis. 97, 124 N. W. 1041, 135 Am. St. Rep. 1062; In re Sweeney, 94 Misc. Rep. 617, 159 N. Y. S. 984; Farrell v. Woodward, 101 Misc. Rep. 560, 167 N. Y. S. 605; Phelan v. Kennedy, 103 Misc. Rep. 441, 171 N. Y. S. 410; Evans v. Schwartz, 211 Ill. App. 573; Black v. La Porte (C. C. A.), 271 F. 620; Burdick Tire & Rubber Co. v. Heylmann, 79 Ind. App. 505, 138 N. E. 777; Brownell v. Kelley (R. I.), 121 A. 420; Solomon v. Rogers, 210 Ala. 423, 98 So. 370.

We find no error in the record, and the judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.