60 So.2d 853

**ARCHER v. TOLLESON et al.**

8 Div. 628.

Supreme Court of Alabama.

Oct. 9, 1952.

Scruggs & Scruggs, Guntersville, for appellant.

Marion F. Lusk, Guntersville, for appellees.

FOSTER, Justice.

This is an appeal from a decree overruling a demurrer to a bill in equity.

The bill alleges that John Olin Archer died intestate February 14, 1951. There has been no administration upon his estate and one is not needed (presumably because there are no unpaid debts). Complainants are alleged to be his sole heirs, and the defendant is his widow. That at the time of his death decedent owned and possessed a homestead, which is described, of two lots in the town of Boaz, valued at $8,000 and no other land, but had personal property also described. The personal property was distributed between the heirs by agreement, but the bill alleges defendant has failed to carry out the agreement as to certain items as to which relief is sought. That the homestead is located on the two lots as one parcel; that the dwelling alone is worth $4,700, and that the homestead, after being reduced to its lowest practicable area, exceeds in value $2,000. The bill makes no allegation of minor children. Presumably they were all of age when decedent died. Complainants are alleged each to own a one-fifth interest in the homestead subject to the dower and homestead rights of the defendant as the widow. It prays for a sale of the homestead and of the items of personal property not distributed; that the court fix and award to the widow an amount equal to the value of her dower and homestead rights and distribute the balance to complainants.

The equity of such bill has been sustained in a long line of cases, and is thus expressed in Childs v. Julian, 241 Ala. 249, 2 So.2d 453, 457:

"It is declared in Williams v. Anthony, 219 Ala. 98, 121 So. 89, and Teal v. Chancellor, 117 Ala. 612, 23 So. 651, that when a decedent is alleged to owe no debts and no personal representative has been appointed, there being no necessity for same, the chancery court will take jurisdiction to settle disputes and distribute the estate among those entitled to receive the same, and to settle and adjust all controversies between the heirs and distributees, equalizing all shares of each to the other. Howell v. Ward, 230 Ala. 379, 161 So. 487.

"It is further the declared rule in this jurisdiction that a chancery court having taken jurisdiction in such an estate may duly ascertain, set apart and declare the homestead exemption and the dower rights of the widow. Howell v. Ward, supra; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Stokes v. Stokes, 212 Ala. 190, 101 So. 885; Leddon v. Strickland, 218 Ala. 436, 118 So. 651. See Code 1923, § 7427 et seq., Code 1940, Tit. 34, § 40 et seq., as to the right of dower."

Not mindful of those cases, appellant contends that the proceeding contravenes section 661, Title 7, Code. But section 661 does not apply to that situation in so far as the prohibition of a sale of the homestead is concerned. Such prohibition as there contemplated relates to the homestead when not exceeding the area and value fixed by law, but not in the process of allotment to such widow when the homestead reduced to its lowest practicable area exceeds in value $2,000. For then the whole of it may be sold as authorized by Title 7, sections 685, 686 and 687, and thus contemplated by section 662, Title 7, Code.

There is nothing in our statutes which prohibits the operation of the rules to which we have referred and often enforced, as stated in Childs v. Julian, supra.

In passing it is well to remember that the decedent in this case died on February 14, 1951. Section 661, supra, was amended November 1, 1950. See Act No.

670

58, General Acts, Special Session 1950, page 122. That amendment does not affect the question here involved. We note also that section 661 was amended by Act No. 911, approved September 12, 1951, General Acts 1951, page 1558. While that amendment creates a material change in section 661 and would serve to make the bill here involved without equity, it has no application here since we are controlled by the law as it existed at the time of the death of decedent.

The case of Gladden v. Macri, 245 Ala. 605, 18 So.2d 552, cited by appellant, was for relief upon an entirely different principle and subject to entirely different Code sections. It was not intended in any respect to overrule or modify the principle referred to in the case of Childs v. Julian, supra, and a long line of cases there cited.

We do not intend to say that it would be the province of the court in such a proceeding to sell the homestead of the decedent without the consent of the widow if such homestead can be carved out of the real estate which he left or can be fixed in lieu of his homestead without the necessity of a sale. But the right and power of a court of equity to sell the homestead or some part of the homestead of the decedent arises by virtue of the fact that a homestead, in area and value within the limits provided by law, cannot be awarded to the widow and minor children without a sale. Sections 685, 686 and 687, Title 7, make provision for such a contingency when the proceeding is in the probate court having jurisdiction. The principle of course would apply to a court of equity in making distribution of an estate, when it may without an administration.

No other point is made by appellant in support of her contention that the bill is subject to demurrer.

It results from the foregoing that the decree of the court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.