64 So.2d 104

**MITCHELL et al. v. MITCHELL.**

**8 Div. 696.**

Supreme Court of Alabama.
March 26, 1953.

Guin & Guin, Russellville, for appellants.

Kennedy Williams and Williams & Williams, Russellville, for appellee.

LAWSON, Justice.

This appeal involves a construction of § 697, Title 7, Code 1940, 1951 Cum.Pocket Part, Vol. 7, p. 101, as last amended by an act approved September 12, 1951, Act 911, S.B. 108, Acts 1951, p. 1558.

J. D. Mitchell died on December 21, 1951. His survivors were his widow, Etta Mitch-ell, and nine adult children. There were no minor children.

At the time of his death J. D. Mitchell and Etta Mitchell each owned an undivided one-half interest in a house and lot situate in Russellville, Franklin County, which they occupied as their homestead. J. D. Mitchell owned no other interest in real property.

On June 6, 1952, no administration having been had on the estate of J. D. Mitchell, the widow filed her petition in the probate court of Franklin County to have her husband's interest in the homestead set apart to her absolutely.

The probate court appointed commissioners "to value the lands described in the petition and set apart to petitioner a homestead constituting all or such part of said land as said commissioners determine, not to exceed the value of $6,000.00, and make due report under oath of their actions within 10 days * * *."

The commissioners on June 20, 1952, filed their report setting apart J. D. Mitchell's interest in the homestead to the widow, Etta Mitchell, "in fee." The commissioners reported that J. D. Mitchell's undivided interest in the homestead was worth $500. The commissioners did not report as to the value of the personal property, if any, owned by J. D. Mitchell at the time of his death.

The adult children were notified of the filing of the report of the commissioners and that a hearing was set for August 6, 1952. All of the adult children except one filed written exceptions to the report of the commissioners. After the hearing on August 6, 1952, the court took the matter under advisement and on August 11, 1952, entered a decree in pertinent part as follows:

"* * * The court heard the testimony and finds from the testimony that the allegations of the petition are true and the exceptions to the report of the commissioners are overruled. It appears to the court from the report of commissioners that the one-

half undivided interest in the lands described in the petition is of the value of $500.00 and not more. It further appears from the evidence that J. D. Mitchell had no minor children at the time of his death, that he died in Franklin County, Alabama, on December 21, 1951, that no administration has been had on his estate, that the deceased and petitioner were living on the land described in the petition at the time of his death and at that time he owned no other real estate whatsoever. The court therefore orders and decrees that the petitioner is entitled as the widow of the said J. D. Mitchell to have said deceased's one-half undivided interest in the homestead set apart to her in fee simple and accordingly does so order and decree and set the same aside to her in fee simple. * * *"

From that decree the adult children who had filed exceptions to the report of the commissioners appealed to this court and the cause was submitted here on January 20, 1953.

Section 697, Title 7, Code 1940, as amended by the 1951 act, supra, reads as follows:

"If no exceptions are filed and sustained to such report of the commissioners setting apart exemptions the title to the real property so set aside shall vest in the widow and minors, share and share alike, but only during the life of the widow and minority of the children provided, that if all the property left by the decedent in this state does not exceed the total value allowed by law as exempt, all of such property shall vest absolutely in the widow and children or, if there be no widow, to the children; and if there be no children, to the widow. Provided that where there are children and a widow the homestead so vested shall not be sold for division during the life of the widow and the minority of the child or children without the consent of the widow and the legally appointed representative of the minor children."

We will sometimes refer to the several parts of the law above quoted in the following manner: To that part which precedes the word "provided" where that word first appears, we will refer to as the first clause; to that part between the words "provided" we will refer to as the first proviso; and to that part which follows the word "provided" where it last appears we may refer to as the second proviso.

It is clear that the first clause would not support the decree from which this appeal is taken. Under that clause standing alone, appellee, as the widow of J. D. Mitchell, would only take a life estate in the homestead set apart.

The first proviso does contemplate an absolute vesting under certain conditions.

Evidently upon the assumption that the conditions existed for the vesting of the absolute title to the homestead, the trial court, as we have shown, set apart to the widow absolutely and in fee simple J. D. Mitchell's interest in the homestead.

We are of the opinion that the decree of the trial court is erroneous.

The conditions prescribed for the vesting of the title absolutely are not shown to have existed. The court did find that the total value of all the interest in real property owned by J. D. Mitchell at the time of his death was less than $6,000. But under the terms of the first proviso, the vesting of title to the homestead absolutely is not to take place unless "all the property left by the decedent in this state does not exceed the *total value* allowed by law as exempt". (Emphasis supplied.) This language in our opinion clearly shows a legislative intent that the homestead not vest absolutely unless the combined value of the real and personal property left by decedent does not exceed the total value exempted. There was no finding by the court as to the value, if any, of the personal property left by J. D. Mitchell. As far as this record discloses, the value of all the property left by J. D. Mitchell, real and personal, may have exceeded "the total value allowed by law as exempt". Hence, the court should not have set aside decedent's interest in the

homestead absolutely in fee simple to anyone.

However, if the conditions existed for the vesting of title to the homestead absolutely in anyone, decedent's interest in the homestead should not be set aside to the widow to the exclusion of the adult children. In the first proviso it is said: "* * all of such property shall vest absolutely in the widow and children or, if there be no widow, to the children; and if there be no children, to the widow."

█ The word "children" is not necessarily to be construed as including only lineal descendants of the first degree who have not reached twenty-one years of age. Spencer v. Title Guarantee Loan & Trust Co., 222 Ala. 485, 132 So. 730; Cooper v. Birmingham Trust & Savings Co., 248 Ala. 549, 28 So.2d 720; Phillips v. Lawing, 150 Ala. 186, 43 So. 494; Sheffield v. Franklin, 151 Ala. 492, 44 So. 373, 12 L.R. A.,N.S., 884.

It is argued by appellee that the word "children" as used in the first proviso should be construed as including only infants or minors, in view of the fact that this court has said that homestead exemptions are for the benefit of the widow and *minor children*. See Walker v. Hayes, 248 Ala. 492, 28 So.2d 413. But that observation was made prior to the effective date of the 1951 amendatory act, supra. If § 697, Title 7, Code 1940, had been the only statutory provision relating to homestead exemptions which was amended by the act, the argument of appellee would be persuasive.

█ But the 1951 amendatory act, supra, does not affect § 697, Title 7, Code 1940, alone but repeals some sections of the Code relating to homestead exemptions and amends a number of other such sections. We will not undertake in this opinion to state the contents of the sections repealed or to compare each of the amended sections with its progenitor. But careful and studied consideration has been given in consultation to each of the changes effected by the 1951 amendatory act and we are clear to the conclusion that by this more or less Herculean undertaking, the legislature sought to bring about two major changes in the existing statutes relating to the exemption of homesteads from administration and the payment of debts and the setting aside of homesteads to the widow and minor children. They are: (1) to raise the value of the homestead from $2,000 to $6,000; and (2) to delete all provisions for the absolute vesting of title in a homestead in the widow and *minor* children.

As heretofore indicated, the 1951 amendatory act originated in the Senate as S.B. 108. In that bill as introduced, all provisions for the absolute vesting of title of homesteads were omitted. Under S.B. 108, § 697, Title 7, Code 1940, was proposed to read as does the present first clause. S. B. 108 passed the Senate in that form and it was not until the bill reached the floor of the House on final passage that it was amended so as to make § 697, Title 7, Code 1940, read as it now does.

In other words, up until the time an amendment was offered on the floor of the House, there could be no question but what it was the legislative intent that all provisions for the absolute vesting of title be deleted from the then existing homestead exemption law.

We think the omission from the first proviso of the adjective "minor" before the noun "children" is in keeping with one of the principal objectives of the entire act and was done intentionally. In view of the fact that the legislature seems to have set out to delete all provisions for the absolute vesting of title in the widow and minor children, we do not think the courts should read the word "minor" into the first proviso, thereby making § 697, Title 7, as amended, inconsistent with the other statutory provisions.

█ The first proviso does not limit the right of a widow and minor children to occupy the homestead during the life of the widow and the minority of the children or deprive them of the rents and profits therefrom. However, in those cases where the first proviso has application, the widow gets an absolute title to the homestead if there are no children. Without that pro-

576

viso, the widow would have only a life estate and upon her death the homestead would go to her husband's collateral kin. And where the decedent is survived by a widow and children and the first proviso has application, then the absolute title goes to the widow and children, minor and adult, share and share alike; but, as before indicated, the life estate of the wife and the right of the minor children to occupancy of the homestead during minority, as well as the right of the widow and minor children to rents and profits, are not affected. Having raised the value of the homestead exemption from $2,000 to $6,-000, the legislature evidently concluded that it would be inequitable to deprive the adult children of any inheritance where the entire estate of their father, real and personal, did not exceed the total amount exempted by law. Where the conditions prescribed by the first proviso exist, and there is no widow, then the fee-simple title to the homestead goes to the children, minor and adult, share and share alike, subject to the minor children's rights to occupancy and rents and profits during their minority. The second proviso merely operates to insure the rights of the widow and minor children during the life of the widow and the minority of the children.

The decree appealed from is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.