69 So.2d 868

**HARRELL et al. v. HENDERSON.**

**6 Div. 517.**

Supreme Court of Alabama.

Jan. 14, 1954.

Patton & Robison and J. H. Curry, Carrollton, for appellee.

John A. Altman, Carrollton, for appellants.

SIMPSON, Justice.

This is an appeal by the heirs at law of Allie Henderson's deceased husband from a decree of the probate court setting apart to her the homestead of said decedent and vesting title in her pursuant to § 694, Title 7, Code 1940, § 4224, Code 1907, extant when decedent died.

Commissioners were appointed to make an inventory and appraisal of the property and duly reported to the court in writing under oath that decedent owned no personal property, that the land in the petition consisted of 74 acres in area and $550 in value, was the decedent's homestead at his death and was all the real estate owned by him. Said commissioners set the homestead apart to the widow as

exempt under the statute. Appellants filed exceptions to this report and the probate court after the hearing rendered a decree in favor of the widow, confirming the report and directing that title vest in her.

Appellants in their exceptions to the report of the commissioners alleged that the report should not be confirmed because the widow before the petition was presented had previously conveyed the lands in question to another and therefore had no interest in the property. She had in fact conveyed the lands to one Brownlee, who conveyed the same to Morris Ruffin, who in turn reconveyed to the appellee under deed dated April 3, 1952. There were, however, two petitions filed in the case, but action was not taken on the first petition which was filed by the widow under date of January 2, 1952, at which time she was without any interest in the realty. However, on May 20, 1952, and after the land had been reconveyed to her, she filed a new petition. Appellants contend that the second petition was merely an amendment of the first and did not operate as a dismissal of the first petition and that the widow, having no interest in the realty when the first petition was filed, could not maintain the proceeding. We regard the position as untenable. It is clear from the averments of the second petition and the action taken thereon that said petition was treated as an abandonment or dismissal of the former one and the court was correct in construing it as tantamount to the institution of a new proceeding.

It is worthy of note also that after the second petition had been filed, the commissioners made a second inventory and appraisal on the new petition and again reported their action thereon to the court, which was the report the court confirmed in its decree. Thus at the time of the filing of the second petition the widow did have the right to claim a homestead exemption, such right being unaffected by her previous divestiture of title but subsequent reconveyance to her. Davis v. Bates, 239 Ala. 214, 194 So. 647.

Equally without merit is appellants' contention that the appellee forfeited her homestead rights by abandonment of possession thereof. Cox v. McLemore, 236 Ala. 559, 183 So. 860.

In response to argument of learned counsel, it is also proper to observe, the fact that more than twenty years had elapsed between the date of the death of decedent and the filing of the petition does not operate to bar the widow of her right to claim homestead exemption. There is no statute of limitation which prescribes the time within which such petition must be filed. Craig v. Root, 247 Ala. 479, 25 So. 2d 147; Davis v. Bates, supra. Nor does the doctrine of estoppel or laches operate to bar her from having the property set aside to her at the time; no showing was made that any injury had resulted to the heirs of decedent by her delay in filing her petition. Craig v. Root, supra; 40 C.J.S., Homesteads, § 193, page 668.

The remaining assignments of error are not up for review because they were abandoned in argument or merely repetitious statements of assignments and not having been sufficiently argued are not entitled to consideration. Alabama Great Southern R. Co. v. Clark, 221 Ala. 616, 130 So. 318; Solomon v. Rogers, 210 Ala. 423, 98 So. 370; Alabama Steel & Wire Co. v. Sells, 168 Ala. 547, 52 So. 921.

In view of some argument advanced by appellants, we think it proper to note that the only ground given to the heirs of a deceased homesteader by the statute on which they may contest the widow's right to have the homestead set apart is that the property exceeded in area and in value the exemption allowed by law or that such property was not all the real estate owned in this state by the decedent at the time of his death. Davis v. Bates, supra. The report of the commissioners as to the value of the property at the death of deceased is prima facie correct and there is an added presumption in favor of the finding of the trial court. Gray v. Weatherford, 227 Ala. 324, 149 So. 819. The appellants failed to meet the burden imposed on them to prove that the property set aside by the commissioners exceeded the area or value

prescribed or that he owned other realty in this state. No such evidence having been presented by appellants and the evidence before the trial court being sufficient to support the order confirming the commissioners' report, the same was properly sustained and the decree here appealed from is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.