81 So.2d 314

**Clara Adelaide DAVIS et al.**

**v.**

**Rhoda K. DAVIS et al.**

**1 Div. 579.**

Supreme Court of Alabama.

May 12, 1955.

Rehearing Denied June 23, 1955.

———◆———

Holberg, Tully & Aldridge, Ralph G. Holberg, Jr., Mobile, for appellants.

Johnston, McCall & Johnston, Mobile, for appellees.

LAWSON, Justice.

This suit was filed in the circuit court of Mobile County, in equity, on August 8, 1953, by Rhoda K. Davis and Benjamin Henry Davis against Clara Adelaide Davis, Thomas William Davis, Mary Davis Byrd and Florence Davis Colley.

The complainant Rhoda K. Davis is the widow of Thomas W. Davis, who died intestate in Mobile County on April 11, 1925. The other complainant and the respondents are the children of Thomas W. Davis, deceased, and his only heirs.

The purpose of the bill is to require a sale of a tract of land situate in Mobile County which Thomas W. Davis owned at the time of his death and to have the proceeds of the sale paid into court for distribution among his children, as tenants in common, after "(a), the sum of $2,000.00 in cash is set apart in the hands of the Register as a homestead fund to be in-vested in the purchase of a suitable home for your complainant, said widow Rhoda K. Davis, and (b), setting aside to her one-third (⅓) of the said proceeds from the sale of said land, in lieu of her assignment of her dower therein by metes and bounds; after first applying the proceeds from said sale to the costs and expenses arising in this suit, including the sale of said property, as herein prayed for."

The respondents other than Clara Adelaide Davis filed separate answers which read: "He [she] admits each and every allegation of the bill and consents that the real property therein described may be sold for division as therein prayed for."

Respondent Clara Adelaide Davis filed a demurrer which was addressed to the bill as a whole and to the several aspects which the demurrant construed the bill to encompass.

From an adverse decree the demurrant, Clara Adelaide Davis, has appealed to this court and by separate assignments of error she complains of the action of the trial court in overruling her demurrer to the bill as a whole and to each of the aspects to which her demurrer was addressed. But the decree of the trial court is general. There is no ruling on the demurrers to the aspects. Under our holding in Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, such a decree constitutes only a ruling on the demurrer to the bill as a whole and hence we will consider only grounds going to the bill as a whole which are argued in brief for appellant. See Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751.

We will sometimes hereafter refer to the property sought to be sold for division as the suit property, the size of which cannot be determined from the averments of the bill. However, it does appear that the suit property is the same property as was purchased by Thomas W. Davis in 1915 from William H. Hill and wife, less four parcels "conveyed by Rhoda K. Davis et al" since the death of the said Thomas W. Davis.

The amount of property conveyed by Hill and wife to Davis in 1915 does not appear, nor do the averments of the bill reveal the amount of land included in any of the conveyances executed by "Rhoda K. Davis et al," since the death of Thomas W. Davis.

The bill alleges that Thomas W. Davis owned the suit property "during his marriage with your Complainant, Rhoda K. Davis, said lands constituting the homestead of the said Thomas W. Davis and his said wife, Rhoda K. Davis, at the time of his death, they having resided with their family, for many years prior thereto, in the dwelling house thereon. Since the death of the said Thomas W. Davis, your complainant, Rhoda K. Davis, has at all times retained possession of and used and occupied said lands and the dwelling house thereon, with the buildings appurtenant thereto, and is now in the possession of, and occupying and using, the same."

It is averred in the bill: "There was no administration upon the estate of the said Thomas W. Davis, deceased, he having left no debts or, if there were any debts, they were small ones and have long since been paid by your complainant, Rhoda K. Davis."

The bill further alleges:

"4. Your complainant, Rhoda K. Davis, never relinquished her rights to dower in any part of said land before, during or since her marriage, and is entitled to be endowed of a life estate in one-third (⅓) of said land; and her homestead rights in said land have never been set aside to her.

"5. Subject to the dower and homestead rights of the complainant, Rhoda K. Davis, your complainant, Benjamin Henry Davis, and the respondents are the joint owners of and tenants in common of the lands hereinabove described, each of them owning a one-sixth (⅙) undivided interest therein.

"6. There cannot be a just assignment of dower to the said Rhoda K. Davis in said land by metes and bounds; and the homestead is incapable of allotment to her, the same having been at the date of the death of the said Thomas W. Davis, and at all times since, of greater value than $2,000.00; nor can said land be equitably divided or partitioned among said tenants in common, the other parties to this Bill."

We observe at this point that Thomas W. Davis having died in 1925, the right of his widow to homestead exemption is to be determined by the statutes in force as of that date, namely, the applicable provisions of the Code of 1923. Haynes v. Haynes, 236 Ala. 331, 181 So. 757; Walker v. Hayes, 248 Ala. 492, 28 So.2d 413; Compton v. Cook, 259 Ala. 256, 66 So.2d 176. The same rule applies as to the amount the widow is entitled to receive from the proceeds of a sale of her deceased husband's land in lieu of her dower interest. McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561.

Upon the death of Thomas W. Davis in 1925, the legal title to his real estate descended to his heirs at law, his children, subject to homestead, dower and quarantine rights. Haney v. Ray, 253 Ala. 224, 43 So.2d 889; Horton v. Carter, 253 Ala. 325, 45 So.2d 10. The ages of the children of Thomas W. Davis at the time of his death are not alleged. But that omission has no bearing on the questions here presented, for under the averments of the bill a case is not made out for the absolute vesting of a homestead in the widow and minor children, if any. All of the children were adults at the time this proceeding was instituted.

Section 7918, Code 1923, has no application. That section applies only where the homestead does not exceed in value the sum of $2,000 and in area 160 acres. Archer v. Tolleson, 257 Ala. 668, 60 So.2d 853, 854. As we have shown above, the value of the suit property is in excess of $2,000.

However, the questions presented here require a consideration of the provisions of § 7919, Code 1923, for that section provides for exemptions in lieu of homestead

and that is what the widow seeks in this case. Section 7919, supra, reads:

"If such decedent, at the time of his death, has no homestead exempt to him from levy and sale under process, his widow and minor child, or children, or either, shall be, unless they have obtained the benefits of such exemption under section 7911 (4189), entitled to homestead exemption out of any other real estate owned by him, which in value, area, interest, and estate, shall conform to the provisions of the preceding section; and if such decedent at the time of his death has no homestead exempt to him from levy and sale under process, and has no other real estate out of which an exempt homestead can be carved, the widow and minor children, or either of them, may, by petition in the probate court or by bill in equity, have the homestead or any other real estate owned by the decedent at the time of his death sold, and two thousand dollars of the purchase money therefor applied by the court in the purchase of a homestead for the benefit of such widow and minor children, or either of them; provided such petition or bill in equity is filed before a final distribution of the assets of decedent's estate has been made; and if decedent's estate is insolvent, the title of such homestead so purchased shall vest absolutely in said widow and minor children, or either of them, and be held and governed as in section 7918 (4196). And in no case, and under no circumstances, shall the widow and the minor children, or either of them, be deprived of homestead or two thousand dollars in lieu thereof, if they or either of them apply therefor in manner as herein provided before final distribution of the decedent's estate."

In the case of Casey v. Sacks, 223 Ala. 147, 134 So. 851, we held that a court of equity had jurisdiction of a widow's bill to sell realty belonging to her deceased husband for reinvestment of proceeds in homestead under the provisions of § 7919, Code 1923, and that the equity court having assumed jurisdiction for that purpose could distribute the proceeds over and above the exemption allowed, to those entitled to receive them.

It follows that a court of equity would have jurisdiction of such a bill when it is filed by the widow and one of the remaindermen against the other remaindermen.

In Archer v. Tolleson, supra, we quoted from Childs v. Julian, 241 Ala. 249, 2 So.2d 453, 457, as follows:

"'It is declared in Williams v. Anthony, 219 Ala. 98, 121 So. 89, and Teal v. Chancellor, 117 Ala. 612, 23 So. 651, that when a decedent is alleged to owe no debts and no personal representative has been appointed, there being no necessity for same, the chancery court will take jurisdiction to settle disputes and distribute the estate among those entitled to receive the same, and to settle and adjust all controversies between the heirs and distributees, equalizing all shares of each to the other. Howell v. Ward, 230 Ala. 379, 161 So. 487.

"'It is further the declared rule in this jurisdiction that a chancery court having taken jurisdiction in such an estate may duly ascertain, set apart and declare the homestead exemption and the dower rights of the widow. Howell v. Ward, supra; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Stokes v. Stokes, 212 Ala. 190, 101 So. 885; Leddon v. Strickland, 218 Ala. 436, 118 So. 651. See Code 1923, § 7427 et seq., Code 1940, Tit. 23, § 40 et seq., as to the right of dower.'"

But the cases just above referred to do not hold that by going into equity the widow is entitled to relief which she could not obtain if her petition had been filed in the probate court, as it could have been filed under the terms of § 7919, Code 1923.

Grounds of demurrer which we think are sufficiently argued here took the point that the averments of the bill fail to

show that the widow is entitled to have exemption in lieu of homestead out of the sale of the suit property.

We are of the opinion that such grounds of demurrer are well taken in view of the absence from the bill of averments to the effect that a homestead in area and value within the limits provided by law could not be awarded to the widow. There are no averments to the effect that the suit property is all of the real estate which the decedent owned or that the suit property after being reduced to its lowest practical area exceeds in value $2,000. Quicksey v. Hall, 260 Ala. 162, 69 So.2d 698; Archer v. Tolleson, supra.

As we construe the bill, all of the relief prayed for is dependent upon the stating of a case for exemptions to the widow in lieu of homestead. The averments of the bill being deficient to that end, we are of the opinion that the demurrer to the bill as a whole should have been sustained.

In view of further proceedings, we think it well to state that we are of the opinion that the grounds of demurrer taking the point that it appears from the averments of the bill that the doctrine of prescription bars the widow's right to homestead exemption are not well taken. Craig v. Root, 247 Ala. 479, 25 So.2d 147. The same is true in regard to the widow's claim of dower. Williams v. Anthony, 219 Ala. 98, 121 So. 89.

It follows that the decree of the trial court must be reversed and one will be rendered here sustaining demurrer to the bill as a whole and the cause remanded to the circuit court of Mobile County, in equity, for further proceedings, with the complainants being given the right to amend their bill within thirty days from the date on which the certificate of the clerk of this court reaches the register of the circuit court of Mobile County, in equity.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.