99 So.2d 204

Emma Lee GANUS

v.

Sarah Ganus SULLIVAN et al.

I Div. 743.

Supreme Court of Alabama.

Oct. 24, 1957.

Rehearing Denied Dec. 19, 1957.

Adams, Gillmore & Adams, Grove Hill, for appellant.

Grady Hurst, Jr., Chatom, for appellees.

MERRILL, Justice.

Appeal from a decree overruling demurrer to a bill in equity, as amended.

The bill sought to sell the homestead of Henry Ganus, deceased, for division and sought an ascertainment of the widow's dower and homestead rights. The amendment to the bill alleged the fair value of the homestead to be $11,000. The bill does not state the acreage of the homestead, but describes it by government subdivisions as four contiguous forties which, without additional explanation, comprise 160 acres.

The bill alleges Henry Ganus died intestate; that there has been no administration of his estate and none contemplated; that he left no debts, and that the land cannot be equitably partitioned. It also alleges that Henry Ganus and his wife jointly owned a home in the State of Mississippi, where the wife resided for more than two years prior to the death of Henry Ganus.

The complainants are two brothers and the children of a third brother, now deceased, of Henry Ganus. The respondents are the widow of Henry Ganus and the children of his deceased sister.

The principal point of the demurrer is that the bill, as amended, affirmatively shows that the widow has homestead rights in the property, and under the present homestead statute, she takes a life estate in the entire parcel; and the complainants, being remaindermen only, cannot maintain the bill.

The trial court, in the decree overruling the demurrer, stated in part:

"The allegations of the bill alleged that the land is reasonably worth Eleven Thousand Dollars ($11,000.-00). The law provides that the widow is entitled to a homestead worth not over Six Thousand Dollars ($6000.-00) and in area not over 160 acres. It is the opinion of the Court that if the homestead and the improvements are reasonably worth more than Six Thousand Dollars ($6000.00) the widow should have her homestead carved out of the land and the remainder sold for division of proceeds among the joint owners. While the rights of the widow must be protected, it appears unreasonable that a widow could sit on a piece of land worth more than Six Thousand Dollars ($6000.00) and containing more than 160 acres for her lifetime and keep the remainderman from enjoying their rights."

(There is nothing in the bill showing that the homestead consists of *more* than 160 acres).

■ This case is governed by the law in effect at the time of the husband's death, which was 1955. Compton v. Cook, 259 Ala. 256, 66 So.2d 176; Archer v. Tolleson, 257 Ala. 668, 60 So.2d 853.

The decision in this cause turns on the construction of the 1951 amendment to Tit. 7, § 661, Code 1940. See Act No. 911, Acts of Alabama 1951, p. 1558, listed in Tit. 7, Pocket Part, p. 125, which provides:

"The homestead of any resident of this state, leaving surviving him at his death a widow and minor child or children, or either, with the improvements and appurtenances not exceeding in value six thousand dollars, and in area 160 areas, shall be exempt from administration and the payment of debts in favor of such widow and minor children, or either, in any event, during the life of the widow, or the minority of the child or children, whichever may last terminate; and the rents and profits of such homestead, if there be a widow and no minor child, shall inure to her benefit during her life; or if there be a minor child or children, and no widow, then to the benefit of such child, or children, during minority; or if there be both widow and minor child or children, then to their equal benefit during the life of the widow and the minority of the child or children. Except when the homestead is devised by will it shall vest in the widow and the minor children for the life of the widow or the minority of the children whichever may last terminate, without limit as to value, if there are no debts, or if the remainder of the estate is sufficient to pay all debts and claims against the estate, or if the remainder of the estate is insufficient to pay all claims against the estate and if the widow or minor children shall pay the remaining unsatisfied claims. In no case, however, shall the homestead exceed 160 acres in area."

We are concerned with the second sentence of § 661. Appellee contends that the first sentence of the section applies where the husband dies intestate, and the second sentence only applies when he dies testate, having willed the homestead to the widow and minor children, if any, and since there is no will, the second sentence has no application in the instant case.

■ We cannot agree with this contention. We think the intent of the Legislature was to provide the widow and the minor children, if any, with a life estate in the homestead without limit as to value, in the absence of devise by will, so long as there were no debts, or they were paid, and so long as the area did not exceed 160 acres. We think it clear that such a construction was intended by the Legislature, the exception being, as it has long been, that the husband, by will, could devise that part of his property over and above the homestead exemption as he pleased.

Appellees further contend that our case of Mitchell v. Mitchell, 258 Ala. 572, 64 So.2d 104, supports his contention because we said in that case, quoting from appellees' brief, " * * * that the *two* purposes of the 1951 amendment were (1) To raise the value of the homestead to $6,000.00, and (2) To delete all provisions for the absolute vesting in the widow and minor children. If the statute vest the homestead without limit as to value in the absence of a will wouldn't it have been mentioned in Mitchell v. Mitchell." There is no merit in this contention. We still think the two major objectives in the existing statutes at that time were those enumerated in Mitchell v. Mitchell. Sections 663 and 697 of Tit. 7 had not been reenacted and amended when Mitchell v. Mitchell was decided, and they are not applicable in the instant case. As stated in that case, many sections of the Code relating to homestead exemptions were repealed and others were amended. One of the changes was to provide a homestead for the widow and minor children without limit as to value, provided there was no devise of the homestead or part

of it by will, and that there were no unpaid debts, and the area of the homestead did not exceed 160 acres. Whether it be called a "major" change or not, we think the clear intention of the Legislature was to effect such a status.

Thus, the bill shows that decedent left a homestead and, for aught that appears from the bill, it does not exceed 160 acres in area, that there is a widow, and that those seeking to sell the homestead, or part of it, for division, are remaindermen. Cotenancy is an indispensable element of compulsory partition or a sale for division, and a remainderman cannot maintain a bill for sale for division against the life tenant. Compton v. Cook, 259 Ala. 256, 66 So.2d 176; Mizell v. Walley, 253 Ala. 302, 44 So.2d 764; Street v. Watts, 202 Ala. 622, 81 So. 564.

It, therefore, follows that appellees showed no right to maintain a bill seeking a sale for division of the homestead against the widow of Henry Ganus. The decree of the lower court is reversed, one is here rendered sustaining the demurrer to the bill, as amended, and the cause is remanded, and appellees are given twenty days from the receipt of notice of this decision by the circuit clerk to amend as they may be advised.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.

On Application for Rehearing

MERRILL, Justice.

Appellee has favored us with a scholarly study of the homestead laws of Alabama in brief on application for rehearing and urges that our opinion as to the meaning of the second sentence of § 661, Tit. 7, Code 1940, as amended, is not sound. We are still of the opinion that the Legislature intended by that provision that the widow and minor children of a decedent should have a life interest in the homestead of a decedent *without limit as to value,* when the homestead did not exceed 160 acres in area and where there were no debts, or if there were debts or claims, they were satisfied from sources other than the homestead.

There is one new matter to which we feel that we should reply. Appellee contends that our holding in the instant case is contrary to the holding in Roberts v. Roberts, 263 Ala. 517, 83 So.2d 348, 349, and "can in no way be reconciled" with it. We think the distinction between the cases is found in the third paragraph of the opinion in the Roberts case which records that the estate consisted in part of "about 281 acres of farm lands in Houston County." Obviously, more than 160 acres were involved and the opinion shows that sections of the homestead statutes, other than § 661, were involved, discussed and applied. We are unable to see the conflict or the irreconcilability in the two cases.

The application is overruled.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.