PER CURIAM.
This appeal presents the question of whether a life tenant has the right to a judicially ordered sale of two tracts of land, with reinvestment of the proceeds, where the owner of the vested remainder is a minor.
Plaintiff, Robert R. Richardson is the father of the two defendants, Robert V. Richardson, and Juanna Lee Richardson. The father filed this action in circuit court seeking sale of lands in which his deceased mother had left him a life estate with the remainder interests devised to his two children as tenants in common, in equal shares and to unborn contingent remaindermen as stated in the following provision of her will:
“... My home place, where I live, which was conveyed to me and my late husband by Mrs. Delashaw and by my husband to me by deed recorded in the Probate Office of Lawrence County, Alabama in Deed Book 22 on page 187, and the forty acres of land owned by me across Highway No. 157, and which property was formerly owned by Elias Pruit (See Deed Book 26, page 189; Deed Book 19, page 396; and Deed Book 22, page 494), I hereby will and devise to my said son, Robert Roosevelt Richardson, for and during his natural life and at his death to my grandson, Robert Vaughan (Bobby) Richardson, and any other grandchildren which I might have. It being understood that if Bobby is my only grandson at that time, the title to such property shall vest in him; and if there are other grandchildren the title shall vest equally in all my grandchildren, or their descendants, share and share alike.”
The complaint further sought reinvestment of the proceeds from the sales in interest bearing securities, with the net income to be paid to plaintiff during his lifetime, and the principal to be paid over to his children, or their heirs, upon plaintiff’s death.
The son, of the age of majority, answered with a general denial of the allegations of the complaint and waiver of notice of trial. He did not, however, appear at trial, nor was he represented by counsel at that trial. A guardian ad litem was appointed to represent the minor daughter, as well as the class of unborn contingent remaindermen. The guardian ad litem denied the allegations of the complaint and contested the case on its merits.
The trial court adjudged that plaintiff “has not shown a legal basis for sale of the suit property and the Court specifically denies his claim for relief.”
Plaintiff contended the trial court has jurisdiction to grant the requested relief under authority of Young v. Rice, 280 Ala. 581, 196 So.2d 698 (1967); with which contention defendants agreed. Defendants state the issue to be whether the sales would be in the best interest of all the classes whose interests in the property would be affected.
We opine, however, that plaintiff has no right to a sale of the lands in question. In Young, supra, all persons in esse who owned an interest in the suit lands had joined in a contract for its sale. The holding of this court in that case was stated as follows:
*160 “We hold that our equity courts do have the power and authority to order a judicial sale of lands for reinvestment under the supervision of the court of the entire fee or title of the real property when there may be contingent remain-dermen.”
The rationale for this decision is evident in the court’s recitation from 33 Am.Jur. Life Estates, Remainders, etc. § 265, p. 743, as follows:
“ ‘The reasons for the development of the peculiarly American doctrine of non-statutory equitable judicial sale of entire interests of the fee in property given to various holders of present and future interests are typical of the causes of general development of equitable jurisprudence, and are stated with equal emphasis not only in the very recent decisions espousing the principle, but in its first progenitors. * * * In cases where partition cannot be maintained, however, it is often necessary to afford relief as between holders of present and future interests, as a matter of social policy, and it is necessary to the best interests of society that there be a power lodged in some judicial tribunal, authorized, in certain exigencies, to unfetter the titles of estates, since otherwise they may be shackled to an inconvenient extent. In accordance with their traditional policy, the courts of equity have assumed jurisdiction to rectify this evil, with cogent reasoning upon which to base their stand. To say that the court cannot, under circumstances where both present and future interests in property are endangered through lack of a sale thereof, convey away the fee of the property by ordering a judicial sale and reinvestment of the proceeds, would be to assert a doctrine which would render conditional limitations and contingent remainders an intolerable evil to a growing and prosperous community. Thus to shackle estates without the power of relief, unless every person having a contingent and possible interest could be brought before the court as a party complainant or defendant, according to the usual forms and ordinary practice of the court, would be to sacrifice the rights and interests of the present generation to those of posterity, and of citizens to aliens, and would place the title to a vast amount of property in peril.... ’ ”
The court further noted that the unborn remaindermen were virtually represented by living parties before the court, who had consented to the sale. 280 Ala. 586, 196 So.2d 698.
We do not think the court in Young intended that a life tenant should have the right to a judicial sale of property where the remainder interest is vested, particularly when the vested remaindermen contest the petition for relief.
Code 1975, § 35-6-20, grants the circuit court jurisdiction to order a sale of property held by joint owners as tenants in common. However, cotenancy is an indispensable element of compulsory partition or a sale for division, and a remainderman cannot maintain a bill for sale for division against the life tenant. Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204 (1957).
We also note that Code 1975, § 35-6-80, authorizes the sale, with division of the proceeds, of realty in which a minor holds an interest as a tenant in common. Where the sale is sought by a life tenant, and contested by a vested remainderman, however, the rule of Ganus, supra, pertains, affording the life tenant no right to sale by judicial order.
It should also be noted that provisions for sales, and other dispositions of property of a minor, are found in Code 1975, § 26-4-1, et seq.; § 43-2-453; § 43-2-465 and § 43-2-467.
The guardian ad litem, attorney D. L. Martin, of Moulton, Alabama, has filed affidavits with, and in support of, his claim for fees and expenses in opposing the appeal in this case. We are of the opinion that the guardian ad litem is entitled to a fee and expense allowance in the aggregate of $1,981.74, which is hereby taxed as costs against appellant in this case.
*161 For the reasons stated, the judgment of the trial court is due to be and is hereby affirmed and expenses and attorney fees are taxed as heretofore noted.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON, EMBRY and ADAMS, JJ., concur.