MADDOX, Justice,
dissenting.
This case involves a property dispute between a brother and a sister and their respective children. The precise issue presented is whether a life tenant can join with his children, who are remaindermen, to partition a tract of land, or have it sold for a division of the proceeds, when the other life tenant (his sister) and remaindermen (his sister’s children) oppose the partition or sale.
The trial court granted the sister’s motion for summary judgment, on the authority of Blue Lands Development, Inc. v. Broadus, 396 So.2d 69 (Ala.1981), wherein this court held that, absent the consent of a life tenant, a joint owner of a vested remainder interest in the real property could not maintain an action to partition land or sell it for division pursuant to § 35-6-20, Ala.Code 1975. I believe that the trial court in the present ease, in not allowing these joint owners of property to to partition the property, correctly interpreted the intent of the Legislature. Consequently, I must respectfully disagree with the majority opinion that reaches a different conclusion.
The opinion states that a life tenant and some of the remaindermen can combine their fractional life tenancy and remainder interest in order force a partition of the property, effectively becoming “the other owner” in the following scenario: “A life tenant in a fractional interest in the property [in this case, the sister] and the other owner, of the remaining fractional life estate and the remainder, are joint tenants or tenants in common and either can bring an action against the other for ... partition [or] sale for division .... ” See Justice Bloodworth’s special concurrence in Hicks v. Hicks, 348 So.2d 1368 (Ala.1977).
The majority states that “[i]t is clear from Michael v. Davis, [372 So.2d 304, 306 (Ala. 1979),] that remaindermen alone cannot initiate an action against the holder of a life estate for the partition of property,” but that “[i]t is also equally clear that the owner of the life estate can join with one of the re- *68 maindermen to force a sale of the property.” 659 So.2d at 66.
I must respectfully disagree with this holding. Ala.Code 1975, § 35-6-20, confers jurisdiction on the circuit court to “divide or partition ... any property, real or personal, held by joint owners or tenants in common.” (Emphasis added.) It is clear that “a re-mainderman cannot maintain an action for partition or for sale for division against the life tenant.” Baldwin v. Baldwin, 516 So.2d 560 (Ala.1987); Richardson v. Richardson, 417 So.2d 158 (Ala.1982); Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204 (1957). In Bald-unn, this Court said that “[cjotenancy is an indispensable element of compulsory partition for a sale for division; therefore, a re-mainderman cannot maintain an action for partition or for sale for division against the life tenant.” 516 So.2d at 561.
I realize that the terms “joint owners” and “tenants in common” are customarily used in describing the relationship between the holders of a fee, and that § 35-6-20 does not limit the jurisdiction of the circuit court to partition only a fee, and I know that the phrase “held by joint owners or tenants in common” refers to “any property.” Nevertheless, I do not believe that the Legislature intended to permit a fractional life tenant to join with some of the remaindermen for partition or for a sale for division. Consequently, I must respectfully dissent.